CARMEN y MARÍA DE LA CRUZ DEL TORO RODRÍGUEZ, peticiona-
rias, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, de-
mandado.

Núm. 40.—*Sometido:* Abril 10, 1945. *Resuelto:* Mayo 28, 1945.

*Damián Monserrat, Jr.,* y *Gabriel de la Haba,* abogados de las peticionarias; *Hon. Procurador General Interino Jesús A. González* y *A. D. Marchand Paz, Procurador General Auxiliar,* abogados del Tesorero de Puerto Rico, interventor, demandado en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos y procedimientos que han motivado la interposición del presente recurso, son como sigue:

Don Fernando del Toro Saldaña falleció en Madrid, España, el 7 de noviembre de 1936, bajo testamento abierto otorgado en febrero 25 de 1931.

En octubre 6 de 1937, la Corte de Distrito de Humacao decretó la administración judicial de los bienes del Sr. del Toro, por haberse alegado en la solicitud que dicho señor se encontraba ausente de la Isla, se ignoraba su paradero y no tenía representante legal en Puerto Rico. La Corte nombró administrador al Lic. Francisco González Fagundo, quien ocupó el cargo hasta mayo 3 de 1943 en que cesó la administración.

Carmen y María de la Cruz del Toro y Rodríguez, ciudadanas españolas y residentes en Madrid, únicas y univer-

sales herederas de su padre don Fernando, confirieron su representación al Lic. Damián Monserrat Suro, para que reclamara y tomara posesión de los bienes que se encontraban bajo administración judicial.

Deseando cumplir con la ley sobre el pago de la contribución de herencia, el abogado de las herederas presentó al Tesorero de Puerto Rico una notificación jurada del fallecimiento del causante, acompañada de una relación del montante, valor, descripción y situación de los bienes relictos, a los efectos de la determinación del montante de la contribución de herencia. De acuerdo con la planilla rendida, basada en la tasación para los efectos de las contribuciones territoriales, dichos bienes tenían un valor de $186,090. Como prueba del fallecimiento se acompañó a la declaración una "Certificación en relación con la partida de defunción del causante".

El Tesorero de Puerto Rico ordenó la retasación de los bienes hereditarios, haciendo subir su valor a la suma de $374,009.59, e impuso a cada una de las herederas una contribución de $18,606.23 o sea un total de $37,212.46, más intereses a razón de 1 por ciento mensual desde mayo 1, 1937 hasta la fecha del pago.

No estando conforme con la actuación del Tesorero, el apoderado de las herederas acudió a la Corte de Distrito de Humacao en solicitud de que se ordenara al administrador judicial que apelase para ante el Tribunal de Contribuciones, pagando la parte de la contribución no impugnada o sea a base de una valoración de $186,090, correspondiendo pagar a cada heredera la suma de $7,004.50, o sea un total de $14,009, más intereses al 1 por ciento mensual desde mayo 7, 1937, a noviembre 7, 1942, haciendo ascender a $23,395 la suma total que había de consignarse en Tesorería para poder solicitar la revisión. Alegaron las herederas que ellas carecían de dinero efectivo para poder hacer dicha consignación, y que los únicos bienes y fondos con que podían contar eran

los que estaban bajo la custodia del administrador. Al celebrarse la vista de la petición, las herederas presentaron como prueba de la defunción del causante la misma certificación que habían presentado al Tesorero con la notificación de defunción. Se opuso el administrador a la admisión del documento y la corte denegó la solicitud, por considerar que la certificación de defunción en relación no es la mejor prueba para acreditar el fallecimiento, quedando así las herederas imposibilitadas para poder recurrir ante el Tribunal de Contribuciones en defensa de sus derechos.

Al tener conocimiento de la solicitud de las herederas para el pago de la contribución de herencia por el administrador judicial, éste se dirigió por escrito al Tesorero, informándole que los bienes hereditarios estaban congelados por orden del Secretario del Tesoro Federal; que no sabía si la defunción del Sr. Toro había sido acreditada mediante la certificación requerida por el artículo 69 de la Ley de Evidencia; que para poder radicar una declaración, a los efectos del pago de la contribución de herencia, es necesario estar en posesión de los bienes; que el Sr. Monserrat no estaba facultado para hacer la declaración de bienes que no poseía y que estaban en *custodia legis,* y además, congelados; que los herederos debían acudir primero ante el tribunal competente para acreditar su derecho a la herencia y solicitar en seguida el cese de la administración y la entrega de los bienes, después de lo cual estarían obligados a llenar el trámite correspondiente al pago de la contribución de herencia.

En abril 15 de 1943, el abogado de las herederas dirigió una carta al Tesorero manifestándole que estaba conforme con lo expuesto por el administrador judicial y pidiéndole que dejare sin efecto todo lo actuado. Negóse a ello el Tesorero, sosteniendo que la liquidación practicada por él es correcta y que las herederas debían pagar la contribución sin más dilación.

En marzo 19 de 1943, las herederas solicitaron el cese de la administración y en apoyo de su petición radicaron una copia certificada de la partida de defunción y el testamento del causante. La petición fué declarada con lugar y en julio 6 de 1943 los bienes fueron entregados al Sr. Gregorio Vázquez, administrador de las herederas. En agosto 9 de 1943, el administrador nombrado por las herederas radicó una notificación de defunción ánte el Tesorero de Puerto Rico, con el fin de que se fijase el importe de la contribución de herencia que deberían pagar las herederas. Contestó el Tesorero, informando al administrador que la contribución ya había sido liquidada en junio 29 de 1942 a petición del Lic. Monserrat, Jr. Solicitada y denegada la reconsideración, las herederas radicaron su querella ante el Tribunal de Contribuciones, solicitando se declarase nulas las resoluciones del Tesorero. Declarada sin lugar la querella, las herederas interpusieron al presente recurso, alegando como fundamentos del mismo que el Tribunal de Contribuciones erró: (*a*) al resolver que el apoderado de las herederas, aun cuando no tenga la posesión y administración de los bienes hereditarios, tiene el deber de notificar al Tesorero de la muerte del causante; (*b*) al declarar que carecía de jurisdicción para conocer del caso; y (*c*) al considerar de estricta aplicación a este caso el artículo 7 de la Ley núm. 99 de agosto 29 de 1925 (pág. 791), según fué enmendado por la núm. 20 de 21 de noviembre de 1941 ((2) pág. 65).

La primera cuestión a resolver es si la notificación del fallecimiento del Sr. Toro, hecha por el Lic. Monserrat, es una notificación válida y como tal obligatoria para las herederas peticionarias.

El artículo 5 de la Ley núm. 99 de 29 de agosto de 1925, pág. 791, según fué enmendado por la Ley núm. 136 de mayo 6 de 1939, pág. 673, en lo que es pertinente dispone lo siguiente:

"Artículo 5.—Será deber de todo *administrador, albacea* o *fideicomisario,* o de cualquiera de ellos que actúe en Puerto Rico, y de cualquier subadministrador, agente o *persona autorizada legalmente para administrar los bienes* o cualquiera parte de ellos en Puerto Rico, trasmitir al Tesorero de Puerto Rico, dentro de los sesenta días siguientes a la fecha del fallecimiento de la persona a quien representen, *una notificación jurada de dicho fallecimiento,* haciendo constar claramente en ella el nombre y residencia del referido difunto; etc. Y cualquier administrador, albacea o fideicomisario que deje de suministrar al Tesorero dicha notificación, dentro del plazo aquí especificado, será considerado culpable de un delito menos grave, y si resultare convicto de él, incurrirá personalmente en multa de cien (100) a mil (1,000) dólares; etc." (Subrayado nuestro).

El artículo 14 de la misma ley dispone que "La palabra *administrador* comprende a cualquier heredero, pariente u otro beneficiario de cualquier difunto, *que estuviese encargado de la disposición y división de los bienes de dicho difunto.*" (Subrayado nuestro).

Considerando las disposiciones de ambos artículos conjuntamente, es forzoso llegar a la conclusión de que no basta que una persona sea heredera o pariente de un difunto, para que sobre esa persona recaiga la obligación, que la Ley impone al administrador, albacea o fideicomisario, de trasmitir al Tesorero de Puerto Rico una notificación jurada del fallecimiento del causante. Para que sobre el heredero, pariente o beneficiario recaiga esa obligación, es requisito indispensable que él sea el encargado de la disposición y división de los bienes del difunto o la persona legalmente autorizada para administrar los bienes. Sería un absurdo sostener que el legislador ha tenido la intención de imponer esa obligación a todos los herederos, aun a aquéllos que repudiaren la herencia, y a todos los parientes, aun cuando no tuviesen interés alguno en el caudal hereditario.

Las herederas peticionarias no estaban, en la fecha en que se envió la primera notificación, en posesión de los bienes, ni eran las encargadas de distribuirlos o dividirlos, ni estaban tampoco legalmente autorizadas para administrarlos.

Es un hecho admitido por ambas partes, que en la fecha en que se hizo la notificación los bienes se encontraban bajo la custodia de la Corte de Distrito de Humacao y que su administración, como bienes de un ausente, había sido confiada al Lic. Francisco González Fagundo.

El artículo 5A de la misma Ley número 99 de 1925, enmendado por la Ley núm. 34 de 1935 (Comp. 1941, pág. 1176), dispone que cuando los herederos carecen de dinero efectivo para pagar la contribución de herencia, el Tesorero está facultado para consentir al albacea o administrador que venda o grave la parte de los bienes relictos que fuere necesaria para levantar fondos para el pago de las contribuciones. En el caso de autos, los bienes no se encontraban en poder de un albacea o administrador testamentario. Estaban *in custodia legis,* como bienes de un ausente, y por tanto ni los herederos ni el Tesorero estaban autorizados para disponer de ellos sin la previa autorización de la corte. Trataron las **herederas** de obtener autorización para que el Administrador pagase con fondos de la herencia la parte de las contribuciones que ellas admitían estaban obligadas a pagar y la autorización fué denegada por no haber podido las peticionarias establecer en forma legal el hecho del fallecimiento del causante.

Bajo las circunstancias expuestas, opinamos que sería injusto sostener que las peticionarias quedaron obligadas y perdieron todo su derecho a recurrir ante el Tribunal de Contribuciones, como consecuencia del acto realizado por su apoderado al enviar al Tesorero de Puerto Rico una notificación de defunción que ellas no estaban **legalmente facul**tadas para enviar.

El Tribunal de Contribuciones erró al sostener que la notificación de defunción hecha por el Lic. Monserrat era legalmente eficaz.

La segunda cuestión a resolver es si el Tribunal de Contribuciones adquirió jurisdicción para conocer de la

querella radicada por las herederas en 21 de octubre de 1943, contra la actuación del Tesorero en octubre 5 de 1943, al devolver la petición radicada en agosto 9 de 1943 por el Administrador de los bienes hereditarios para que se fijara la contribución de herencia, y al sostener la validez de la tasación practicada por virtud de la notificación de defunción hecha por el Lic. Monserrat.

Los fundamentos de la contención del Tesorero son: (a) que las querellantes dejaron transcurrir con exceso al término legal para apelar ante el Tribunal de Contribuciones de la decisión del Tesorero; y (b) que las apelantes no han pagado la parte de la contribución con que están conformes, de acuerdo con los requisitos de la sección 7 de la Ley de Contribuciones Sobre Herencias, núm. 99 de 1925 (pág. 791), según fué enmendada por la Ley núm. 20 de 21 de noviembre de 1941 ((2) pág. 65).

Antes de entrar a discutir y resolver la cuestión jurisdiccional levantada por el Tesorero, debemos hacer constar que no estamos conformes con su contención de que la notificación de defunción y la petición para que se fijara la contribución a pagar por las herederas, radicadas en agosto 9 de 1943, por el administrador de los bienes hereditarios, deben ser consideradas como una moción de reconsideración de la decisión del Tesorero, de 30 de septiembre de 1942, fijando el importe de la contribución a base de la notificación de defunción hecha por el abogado Monserrat, Jr. Ya hemos resuelto que dicha notificación es nula y legalmente ineficaz. Consecuentes con esa decisión, debemos resolver, como resolvemos, que la petición radicada ante el Tesorero en agosto 9 de 1943, por el administrador de los bienes, debe ser considerada como una petición original y como la única legalmente sometida al Tesorero para la liquidación de la contribución de herencia.

Hecha esta aclaración, pasemos ahora a considerar y resolver la cuestión jurisdiccional.

La sección 7 de la Ley de Contribuciones Sobre Herencias, según quedó enmendada por la Ley núm. 20 de 1941, dice así:

"Artículo 7.—Cuando una persona afectada por la valuación o el cómputo antes referidos no estuviere conforme con cualesquiera de ellos, o cuando por cualquier motivo creyere que no debe pagar total o parcialmente la contribución de herencia que a base de tales valuación y cómputo le notificare el Tesorero, y deseare apelar para ante el Tribunal de Apelación de Contribuciones, dentro de los noventa días siguientes a la fecha en que el Tesorero le notificare la contribución deberá pagar la parte de ésta con la cual estuviere conforme, y dentro de los treinta días siguientes a dicho pago deberá radicar su apelación contra la parte con la cual no estuviere conforme, por medio de la querella dispuesta por la ley creando dicho Tribunal de Apelación de Contribuciones, *Disponiéndose,* que éste no adquirirá jurisdicción a menos que (1) el pago de la contribución no impugnada se hubiere realizado dentro del plazo de noventa días antes expresado y (2) el recibo de dicho pago o su copia certificada se hiciere formar parte de la querella. . ."

¿Cumplió el Tesorero de Puerto Rico, después de haber recibido la notificación de defunción enviádale por el administrador, con los requisitos del artículo 6 de la Ley de Contribuciones Sobre Herencias, haciendo "una justa y adecuada valoración" de los bienes hereditarios, poniendo en conocimiento del administrador los resultados de la tasación y notificándole el importe de la contribución que debían pagar las herederas?

Es un hecho admitido, que en agosto 17 de 1943, o sea ocho días después de haber recibido la notificación de defunción y los documentos que le fueron sometidos, el Tesorero los devolvió al administrador con una carta en la que le informaba que el caso ya había sido sometido a la consideración del departamento en 29 de junio de 1942, por el Lic. Monserrat y que la contribución había sido liquidada e impuesta con fecha 30 de septiembre de 1942. En otras palabras, el Tesorero insistió en la validez de la valuación y cómputo practicados por él a base de la notificación de de

función hecha por el Sr. Monserrat, la cual hemos declarado nula e ineficaz. Es evidente que el propósito del Tesorero, al negarse a aceptar la petición del administrador y al devolverle los documentos, fué el de privar a las herederas de su derecho de apelación por haber transcurrido con exceso el término legal.

El artículo 6 de la Ley de Contribuciones Sobre Herencias, dispone, que cuando el Tesorero así lo ordene los tasadores del departamento harán una justa y adecuada valoración de los bienes, "y los resultados de dicha tasación se pondrán en conocimiento del Tesorero de Puerto Rico, así como de los administradores, albaceas y fideicomisarios de los expresados bienes". ¿Cómo podía saber el administrador si la valoración practicada por el departamento era justa y adecuada, si el Tesorero, en vez de poner én su conocimiento los resultados de la tasación le devolvió los documentos, limitándose a informarle que la valuación se había hecho casi un año antes y que la cantidad a pagar era la de $37,212.64? ¿Cómo es posible que el administrador o las herederas apelaran ante el Tribunal de Contribuciones de una valoración de bienes, cuyos resultados no le habían sido comunicados por el Tesorero?

En la querella radicada ante el Tribunal de Contribuciones, las querellantes suplicaron:

(a) Que se declarase nula y sin efecto legal alguno la liquidación e imposición de la contribución de fecha 30 de septiembre de 1942.

(b) Que se admita la declaración de 9 de agosto de 1943, presentada por el administrador, a fin de que se practique una nueva liquidación, dando así a las querellantes una oportunidad de solicitar y obtener la revisión de la decisión del Tesorero.

La sección 4 de la Ley núm. 169 de mayo 15 de 1943, pág. 601, en lo pertinente, dispone:

"Sección 4.—El Tribunal de Contribuciones tendrá jurisdicción, de carácter exclusivo, para conocer de todos los casos sobre revisión de la tasación . . . . . . . . y de todas las acciones, *procedimientos* o recursos especiales o extraordinarios y *reclamaciones de cualquier índole,* relacionadas con, o que afecten la *imposición,* cobro, pago, devolución o reembolso de toda clase de contribuciones, incluyendo. . . . . . contribución sobre herencia, etc. Esta jurisdicción, sin embargo, no podrá invocarse ante el Tribunal por persona alguna, *hasta que sobre el asunto en discusión haya recaído la correspondiente resolución administrativa por parte del Tesorero de Puerto Rico,* de acuerdo con la ley.'' (Subrayado nuestro).

La resolución desestimando la querella por falta de jurisdicción, debe ser confirmada, pero por razones distintas a las expuestas en la opinión del Tribunal.

Siendo nulas e ineficaces las actuaciones del abogado Monserrat, Jr., el Tesorero de Puerto Rico debió recibir y considerar la notificación de defunción y la solicitud radicadas en agosto 9 de 1943, por el administrador de los bienes hereditarios, como una solicitud original para la determinación del importe de la contribución de herencia, procediendo a la práctica de la valoración de los bienes y a la imposición de la contribución, de acuerdo con lo prescrito por la Ley de Contribuciones Sobre Herencias. Si el Tesorero había practicado ya una valoración de los bienes y una liquidación de la contribución, muy fácil le hubiera sido dictar una resolución administrativa basada en esa valoración y liquidación y notificarla al administrador de los bienes, para que éste pudiera tener una oportunidad de apelar para ante el Tribunal de Contribuciones, dentro de los treinta días siguientes a la fecha de la notificación de la resolución administrativa, de acuerdo con lo dispuesto por las secciones 3 y 4 de la Ley núm. 169 de 1943.

Ya hemos visto, que de conformidad con la sección 4 de la Ley núm. 169 de 1943, supra, la jurisdicción del Tribunal de Contribuciones no puede ser invocada por persona alguna "hasta que sobre el asunto en discusión haya recaído la co-

rrespondiente resolución administrativa por parte del Tesorero de Puerto Rico, de acuerdo con la Ley.'' En el caso de autos no existe ninguna resolución administrativa del Tesorero contra la cual pudiera recurrirse ante el Tribunal de Contribuciones. El asunto en discusión era la valoración de un caudal hereditario y la determinación de la cantidad a pagarse como contribución de herencia. El Tesorero no notificó al administrador (a) el resultado de la valoración y (b) el importe de la contribución. Lo único que hizo fué devolverle la notificación y prueba de la defunción y los demás documentos, insistiendo en la validez y eficacia de sus actuaciones anteriores.

No existiendo una resolución administrativa del Tesorero, dictada de acuerdo con la ley, las herederas peticionarias no tenían derecho a invocar la jurisdicción del Tribunal de Contribuciones. La querella por ellas formulada en 21 de octubre de 1943 fué radicada prematuramente y debió ser desestimada por ese motivo.

 Habiéndose levantado en el presente caso la cuestión sobre si el contribuyente que apela para ante el Tribunal de Contribuciones de una resolución administrativa del Tesorero, en relación con la valoración de un caudal hereditario para los fines de la imposición de la contribución de herencia, debe cumplir con los requisitos de la sección 7 de la Ley de Contribuciones Sobre Herencias, supra, pagando la parte de la contribución con la cual estuviere conforme, y teniendo en cuenta que el presente caso probablemente volverá de nuevo ante el Tribunal de Contribuciones procederemos a considerarla y resolverla.

La sección 7 de la Ley de Contribuciones Sobre Herencias, supra, dispone, que la persona que descare apelar de la valoración o cómputo hechos por el Tesorero, deberá, ''dentro de los noventa días siguientes a la fecha en que el Tesorero le notificare la contribución'', pagar la parte de ésta con la cual estuviere conforme. Se dispone, además,

que "dentro de los treinta días siguientes a dicho pago deberá radicar su apelación contra la parte con la cual no estuviere conforme"; y que el Tribunal de Contribuciones no adquirirá jurisdicción a menos que (1) se pague la contribución no impugnada, dentro del plazo de 90 días y (2) se presente junto con la querella el recibo acreditativo de haberse hecho dicho pago.

La sección 3 de la Ley núm. 169 de 15 de mayo de 1943 (pág. 601), aprobada con posterioridad a la sección 7 de la Ley de Contribuciones Sobre Herencias, dispone que todos los recursos que deban sustanciarse ante el Tribunal de Contribuciones de Puerto Rico, incluyendo los casos de contribuciones sobre las herencias, se iniciarán mediante instancia jurada de la parte interesada, la cual deberá ser formulada "dentro de los treinta días siguientes a la fecha de la notificación que a la misma haga el Tesorero de Puerto Rico". Nada dice la ley posterior, núm. 169 de 1943, sobre la necesidad de que se pague la parte de la contribución no impugnada, para que el Tribunal pueda adquirir jurisdicción.

El artículo 3 de la Ley núm. 169 de 1943, dispone: "Toda ley, resolución, o parte de las mismas, que esté en conflicto con la presente, queda por ésta derogada." Es evidente el conflicto existente entre el término de cuatro meses, que para apelar al Tribunal de Contribuciones concede la sección 7 de la Ley de Contribuciones Sobre Herencias, supra, y el término de treinta días que para el mismo fin se fija por la sección 3 de la Ley núm. 169 de 1943. Siendo la regla aplicable la de que en caso de conflicto entre dos leyes, debe prevalecer la más reciente, por ser ella la última expresión de la voluntad legislativa, resolvemos que las apelaciones para ante el Tribunal de Contribuciones de Puerto Rico contra resoluciones administrativas del Tesorero de Puerto Rico, haciendo la valoración de los bienes hereditarios y liquidando la contribución, deben ser interpuestas dentro del término de treinta días siguientes a la fecha de la notificación de la resolución del Tesorero.

No existe conflicto algun̩o entre el requisito de/la sección 7 de la Ley de Contribuciones Sobre Herencias, sobre el pago de la contribución no impugnada y las disposiciones de la Ley núm. 169 de 1943. Véanse: *Tesorero v. Tribunal de Contribuciones*, 64 D.P.R. 602, y *Mayagüez Light, P. & I. C.*, v. *Tribunal de Contribucienes*, ante, pág. 30. Resolvemos, que el pago de la parte de la contribución con que estuviere conforme la parte recurrente es requisito esencial para que el Tribunal de Contribuciones pueda adquirir jurisdicción; que ese pago debe ser hecho dentro del término de treinta días que para la apelación concede la sección 3 de la Ley núm. 169 de 1943; y que el recibo acreditativo de haberse hecho dicho pago debe presentarse junto con la querella, sin lo cual el Tribunal de Contribuciones no podrá adquirir jurisdicción.

*La resolución recurrida debe ser confirmada y el caso devuelto al Tribunal de Contribuciones con instrucciones para desestimar la querella por falta de jurisdicción, sin perjuicio de los derechos que puedan tener las herederas peticionarias a renovar su petición ante el Tesorero de Puerto Rico, para la valoración del caudal hereditario y la determinación del importe de la contribución de herencia, y para apelar para ante el Tribunal de Contribuciones, si no estuvieren conformes, de la resolución administrativa dictada por el Tesorero y que les sea notificada de acuerdo con la Ley.*