Dolores Araújo Vda. de Salgado, peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Rafael Buscaglia, Tesorero de Puerto Rico, interventor.

Núm. 162.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Diciembre 9, 1947.

*Félix Ochoteco, Jr.,* y *Luis E. Dubón,* abogados de la peticionaria; *Hon. Procurador General Luis Negrón Fernández,* y *J. Rivera Barreras, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La peticionaria, única y universal heredera de su difunta hija, radicó ante el Tesorero de Puerto Rico la Notificación de Defunción requerida por la ley a los fines de la computación y liquidación de la contribución de herencia. El 13 de diciembre de 1945 el Tesorero le notificó que la contribución que le había sido impuesta montaba a $5,853.18, enviándole al mismo tiempo una relación de los bienes dejados por la causante y la valoración de los mismos. En diciembre 31 de 1945 la contribuyente impugnó la liquidación que le había notificado el Tesorero, por haberse cometido un error de suma. Admitido y subsanado el error, en enero 14 de 1946 el Tesorero dejó sin efecto la notificación original y remitió a la contribuyente una nueva notificación, con instrucciones de atenerse al contenido de la misma. En enero 18 de 1946 la contribuyente solicitó una vista administrativa, la cual le fué concedida, celebrándose la misma en los días 21 y 26 de febrero, 1946. En agosto 13 de 1946 el Tesorero dictó su resolución sosteniendo la tasación. En septiembre 4 de 1946 la

peticionaria pagó la suma de $1,904.11, como importe de la parte de la contribución con la cual estaba conforme y en septiembre 25 de 1946 radicó su querella ante el Tribunal de Contribuciones alegando, en síntesis, que el Tesorero impuso la contribución a base de una tasación de los bienes relictos ascendente a la suma de $81,731.85; que en vez de tomar como base para la imposición del tributo el valor real de los bienes que integran el caudal hereditario, a la fecha del fallecimiento de la causante (julio 8, 1945), el Tesorero dió a dichos bienes una valoración que excede al valor real y efectivo de los mismos que en la indicada fecha era la suma de $36,516.85; y, por lo tanto, que la contribuyente no está obligada a pagar el exceso que indebidamente le exige el Tesorero de Puerto Rico.

En diciembre 20 de 1946 el Tesorero solicitó la desestimación de la querella alegando que el Tribunal de Contribuciones carecía de jurisdicción por no haberse radicado la querella dentro del término prescrito por la ley. El 25 de marzo de 1947, el Tribunal de Contribuciones, basándose en lo resuelto por este Tribunal en *Del Toro v. Tribunal de Contribuciones,* 65 D.P.R. 63, resolvió que carecía de jurisdicción, por cuanto "si bien el pago de la parte de la contribución con la cual se estaba conforme fué efectuado el día 5 de septiembre de 1946, la querella no fué archivada en nuestra Secretaría hasta el día 25 de septiembre de 1946, o sea después de transcurridos más de treinta (30) días a partir de la fecha de la notificación de la resolución administrativa que sobre el asunto recayera por parte del Tesorero de Puerto Rico." La contribuyente nos pide ahora que anulemos dicha resolución y devolvamos el caso al Tribunal inferior para que conozca del mismo en sus méritos.

Es cierto que en *Del Toro v. Tribunal de Contribuciones,* supra, resolvimos que el artículo 7 de la Ley de Contribuciones Sobre Herencias, enmendado por la Ley núm. 20 de 1941—que concedía al contribuyente que no estuviere conforme con la valuación o el cómputo notificádosle por el

Tesorero un término de noventa días a partir de la fecha de la notificación, para pagar la parte de la contribución con la cual estuviere conforme; y un término adicional de treinta días, a partir de la fecha de dicho pago, para radicar su apelación ante el Tribunal de Apelación de Contribuciones—había sido derogado por estar en conflicto con la sección 3(¹) de la Ley núm. 169 de 15 de mayo de 1943 (pág. 601) creando el Tribunal de Contribuciones de Puerto Rico, aprobada con posterioridad a la sección 7 de la Ley de Contribuciones Sobre Herencias, en la que se dispone que todos los recursos que deban sustanciarse ante el Tribunal de Contribuciones de Puerto Rico, incluyendo los casos de contribuciones sobre herencias, se iniciarán mediante instancia jurada de la parte interesada, la cual deberá ser formulada "dentro de los treinta días siguientes a la fecha de la notificación que a la misma haga el Tesorero de Puerto Rico." Resolvimos, además, que no existiendo conflicto alguno entre el requisito de la sección 7 de la Ley de Contribuciones sobre Herencias, sobre el pago de la contribución no impugnada y las disposiciones de la Ley núm. 169 de 1943, el pago de la parte de la contribución con que estuviere conforme la parte recurrente es requisito esencial para que el Tribunal de Contribuciones pueda adquirir jurisdicción, debiendo hacerse el pago dentro del término de treinta días que para la apelación concede la

---

(¹)*"Sección 3.*—El Tribunal funcionará con carácter cuasi judicial y tendrá facultad para dictar las reglas que estime necesarias para regular sus procedimientos, las cuales deberán ser publicadas, para conocimiento general, antes de entrar en vigor en dos o más diarios de los de mayor circulación en Puerto Rico, pudiendo enmendarse únicamente mediante el mismo procedimiento.

"Todas las acciones, recursos o procedimientos que deben substanciarse ante el Tribunal de Contribuciones de Puerto Rico se iniciarán mediante instancia jurada de la persona o entidad recurrente, formulada en nombre propio o por medio de representante legal debidamente autorizado, dentro de los treinta días siguientes a la fecha de la notificación que a la misma haga el Tesorero de Puerto Rico, en cualquiera de los siguientes casos: . . . (2) valoración hecha para fines de contribución de herencia y liquidación correspondiente de la participación de cada heredero en el caudal hereditario así como del importe de la contribución a pagarse en cada caso de contribución de herencia . . .''

"*Artículo 3.*—Toda ley, resolución, o parte de las mismas, que esté en conflicto con la presente, queda por ésta derogada." (Ley núm. 169 de 1943.)

sección 3 de dicha ley y presentarse junto con la querella el recibo acreditativo de dicho pago.

Empero, con posterioridad a nuestra decisión de mayo 28 de 1945 en *Del Toro* v. *Tribunal de Contribuciones,* supra, la Legislatura, evidentemente al darse cuenta de que por error o inadvertencia las disposiciones del artículo 7 de la Ley de Contribuciones Sobre Herencias habían quedado implícitamente derogadas por estar en conflicto con las de la sección 3 la Ley núm. 169 de 1943, procedió a aprobar la Ley núm. 303 de 12 de abril de 1946, pág. 783, para regir inmediatamente después de su aprobación, con efecto retroactivo al 22 de marzo de 1946. De acuerdo con los términos del artículo 7 de dicha ley, a partir del 22 de marzo de 1946 toda persona que deseaba apelar de la imposición de una contribución de herencia debía (1) dentro de los noventa días siguientes a la fecha en que se le notificare la contribución, pagar la parte de ésta con la cual estuviere conforme y (2) dentro de los treinta días siguientes a dicho pago radicar su apelación contra la parte con la cual no estuviere conforme, "por medio de la querella dispuesta por la Ley creando dicho Tribunal de Apelación de Contribuciones." Esa era la ley vigente en septiembre 4 de 1946, cuando la contribuyente aquí peticionaria pagó la parte de la contribución con la cual estaba conforme. La contribuyente tenía treinta días a partir de ese día 4 de septiembre de 1946 para radicar su querella ante el Tribunal de Contribuciones; y por lo tanto la radicación de la querella en 25 de septiembre de 1946 fué hecha dentro del término legal.

En mayo 14 de 1947 la Legislatura aprobó la Ley núm. 432 (Leyes de ese año, pág. 883) por la cual se enmendó el artículo 7 de la citada Ley núm. 303 de 12 de abril de 1946, el cual quedó redactado así:

"Artículo 7.—Cuando una persona afectada por la valuación o el cómputo antes referido, no estuviere conforme con cualesquiera de ellos, o cuando por cualquier motivo creyere que no debiera pagar total o parcialmente la contribución de herencia que a base de tales

valuación y cómputo le notificare el Tesorero y deseare apelar para. ante el Tribunal de Contribuciones de Puerto Rico, deberá dentro de los treinta (30) días siguientes a la fecha en que el Tesorero le notificare la contribución, (1) pagar la parte de la contribución con que estuviere conforme, y (2) radicar su querella ante el Tribunal de Contribuciones de Puerto Rico acompañada del recibo provisional correspondiente; *Disponiéndose*, que éste no adquirirá jurisdicción a menos que (1) el pago de la contribución no impugnada se hubiere realizado dentro del plazo de treinta (30) días antes expresado, y (2) el recibo provisional de dicho pago con su copia certificada se hiciere formar parte de la querella. Si la decisión del Tribunal de Contribuciones, o, en apelación de éste, la decisión de la Corte Suprema fuere adversa al querellante, dicha decisión ordenará el pago de la contribución impugnada, o la parte de ella que a juicio del Tribunal o la Corte debiera pagarse, con intereses a razón del 6 por ciento anual computados desde la fecha en que expire el término de ciento ochenta (180) días con que contaba el contribuyente para pagar la contribución. Si, en grado de apelación, la decisión de la Corte Suprema fuere favorable al querellante, dicha decisión dispondrá que se devuelva a éste la parte de la contribución ilegalmente cobrádale bajo la decisión del Tribunal de Contribuciones, con intereses al seis (6) por ciento anual sobre la suma a ser devuelta, computados desde la fecha del pago de la parte de la contribución impugnada.''

La sección 5 de la misma ley dispone que por ser ésta de carácter urgente y necesaria, entrará en vigor inmediatamente después de su aprobación, ''pero por existir una emergencia para ello, sus disposiciones serán efectivas retroactivamente al día 22 de marzo de 1946''. Basándose en esa disposición sobre retroactividad de la citada Ley, arguye el Tesorero que la contribuyente estaba obligada a (1) hacer el pago de la parte de la contribución con la cual estaba conforme, dentro de los treinta días siguientes a la fecha en que el Tesorero le notificó la contribución; y (2) radicar, dentro de ese mismo término, su querella ante el Tribunal de Contribuciones. La contención del Tesorero es insostenible. Conviene hacer constar que cuando el Tribunal de Contribuciones dictó su resolución de 25 de marzo de 1947, declarán-

dose sin jurisdicción por haberse radicado la querella después de transcurridos más de treinta días a partir de la fecha de la notificación de la decisión administrativa del Tesorero, la ley entonces vigente era la 303 de abril 12 de 1946 que concedía a la contribuyente noventa días para efectuar el pago y treinta días a partir de la fecha del pago para radicar la querella. Esa ley, a la cual se ajustó estrictamente la querellante, derogó las leyes anteriores y restableció los términos de noventa días para hacer el pago y treinta días más para apelar, dejando sin efecto al hacerla inaplicable nuestra decisión en *Del Toro* v. *Tribunal de Contribuciones*. Sería a todas luces absurdo, injusto y arbitrario si resolviéramos que al apelar para ante el Tribunal de Contribuciones en 25 de septiembre de 1946, la contribuyente debió hacer caso omiso de la ley entonces vigente, la núm. 303 de 1946, que le concedía noventa días para pagar parte de la contribución y los treinta días siguientes al del pago para apelar, y que debió tramitar su recurso de conformidad con la Ley núm. 433, la cual fué aprobada el 14 de mayo de 1947, más de dos meses después de dictada por el Tribunal de Contribuciones la resolución objeto de este recurso. No podemos convenir con el Tesorero en que la Legislatura tuviera la intención de privar de su derecho de apelación para ante el Tribunal de Contribuciones a aquellos contribuyentes que ya lo habían ejercitado al amparo de la legislación anterior. Como dijimos en *Central Aguirre* v. *Tribunal de Contribuciones,* 64 D.P.R. 268, 274, "es nuestro deber interpretar los estatutos razonablemente y evitar hasta donde fuere posible que surjan serias cuestiones constitucionales." La interpretación del estatuto de acuerdo con la contención del Tesorero levantaría una seria cuestión constitucional. Véase: *Mason* v. *White Star Bus Line, Inc.,* 53 D.P.R. 337.

*La resolución recurrida será anulada y se devolverá el caso al Tribunal de Contribuciones para que conozca del mismo en sus méritos.*