VICENTE BALBÁS PEÑA, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; TESORERO DE PUERTO RICO, interventor.

Núm. 265.—*Sometido:* Diciembre 7, 1951. *Resuelto:* Marzo 21, 1952.

*Mariano Acosta Velarde* y *Daniel Pellón Lafuente,* abogados del peticionario; *Hon. Procurador General Víctor Gutiérrez Franqui* y *J. A. García Malpica, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Doña Lorenza Peña Vda. de Balbás falleció en 1949. A tenor con el artículo 5 de la Ley núm. 99 de 1925 (pág. 791), según quedó enmendado por la Ley núm. 303, Leyes de Puerto Rico, 1946 ((1) pág. 783), el peticionario, heredero de ella, remitió al Tesorero una notificación jurada conteniendo la descripción de los bienes de la finada y la valoración que a su juicio tenían los mismos. El 9 de mayo de 1950 el Tesorero notificó al peticionario una contribución de herencia de $52,016.57 a base de una valoración de los bienes ascendente a $184,161.13. El Tesorero declaró con lugar una moción de reconsideración radicada por el peticionario y luego de la correspondiente vista notificó a éste el 24 de octubre de 1950 una contribución de $49,885.12, basada en una valoración de $177,100.35.

El 24 de noviembre de 1950, el peticionario radicó querella ante el Tribunal de Contribuciones alegando en detalle que los diversos bienes de la herencia tenían una valoración menor que la fijada por el Tesorero. Éste solicitó la desestimación de la querella por el fundamento de que el Tribunal de Contribuciones carecía de jurisdicción ya que el contribuyente no había pagado aquella parte de la contribución con la cual estaba conforme, de acuerdo con las disposiciones del artículo 2–A(4) de la Ley núm. 235, Leyes de Puerto Rico, 1949 ((1) pág. 733).(1)   El Tribunal de Contribu-

(1) "Artículo 2.—*Recursos de los Contribuyentes:*

"A.—*Apelación de las Determinaciones del Tesorero de Puerto Rico.* —Cuando un contribuyente no estuviere conforme con una determinación notificádale por el Tesorero de Puerto Rico y tuviere derecho por ley a apelar de ella para ante el Tribunal de Contribuciones de Puerto Rico,

ciones declaró con lugar la moción de desestimación y para revisar su decisión expedimos auto de *certiorari*.

■■ El contribuyente no alega que no adeuda contribución alguna. Es obvio de la faz de la querella que el único propósito de su recurso es obtener una reducción de la contribución impuéstale, estableciendo una valoración menor que la fijada por el Tesorero a la herencia. Por consiguiente el peticionario venía obligado, según se lo exigen las claras disposiciones del artículo 2–A (4), a informar lo que él creía que era el valor razonable, hacer la correspondiente opera-

---

deberá hacerlo en la forma, dentro del término y previo el cumplimiento de los requisitos siguientes:

"..................

"4.—*Contribución Sobre Herencias y Donaciones.*

"De una determinación final del Tesorero de Puerto Rico, notificada en la forma provista en el Artículo 7 de la Ley núm. 99 de 29 de agosto de 1925, pagando la parte de la contribución con la cual estuviere conforme el contribuyente, y radicando su demanda en el Tribunal de Contribuciones de Puerto Rico en la forma dispuesta por la Ley que crea dicho Tribunal, dentro del término de treinta (30) días, a partir de la fecha del depósito en el correo de la notificación de la determinación final del Tesorero de Puerto Rico; *Disponiéndose,* que tanto el término de treinta (30) días para recurrir ante el Tribunal de Contribuciones de Puerto Rico como el pago dentro de dicho término de la parte de la contribución con la cual estuviere conforme el contribuyente, se considerarán de carácter jurisdiccional."

El artículo 7 de la Ley núm. 99 de 1925, según quedó enmendado por la Ley núm. 233, Leyes de Puerto Rico, 1949, prescribe en parte como sigue:

"El Tesorero notificará por correo certificado al administrador, albacea, fideicomisario, o donatario, según sea el caso, la valoración de los expresados bienes y la contribución que determinare, y cualquiera de ellos podrá dentro de los treinta (30) días de la fecha del depósito de dicha notificación en el correo o dentro de la prórroga que a tales fines le conceda el Tesorero, solicitar de éste, por escrito, reconsideración y vista administrativa sobre el asunto, exponiendo en su solicitud los fundamentos que tuviere para ello. Si no se solicitare reconsideración en la forma y dentro del término aquí dispuesto, o si habiéndose solicitado, el Tesorero confirmare en todo o en parte la valoración y contribución determinadas y notificadas, éste notificará su determinación final al administrador, albacea, fideicomisario, o donatario, según sea el caso, por correo certificado, y cualquiera de ellos podrá apelar de dicha determinación final para ante el Tribunal de Contribuciones de Puerto Rico en la forma, dentro del término y previo el cumplimiento de los requisitos dispuestos por ley."

ción aritmética para calcular la contribución sobre dicha base y pagar aquella parte de la contribución con la cual estuviera conforme. El no hacerlo así en este caso impidió que el Tribunal de Contribuciones adquiriera jurisdicción. Sólo nos resta añadir que el artículo 2–A(4) es sencillamente una reexposición de la ley que sobre este asunto existía anteriormente. *Del Toro* v. *Tribunal Contribuciones*, 65 D.P.R. 63.

*La sentencia del Tribunal de Contribuciones será confirmada.*