**Edna D. FREEMAN, Plaintiff, Appellant,**

v.

**Jose RAMON NOGUERA, Secretary of the Treasury of Puerto Rico, Defendant, Appellee.**

**No. 5864.**

United States Court of Appeals
First Circuit.

March 5, 1962.

Enrique Cordova Diaz, San Juan, P. R., with whom Walter L. Newsom, Jr., and Brown, Newsom & Cordova, San Juan, P. R., were on brief, for appellant.

Juan A. Faria, Asst. Solicitor Gen., San Juan, P. R., with whom J. B. Fernandez-Badillo, Solicitor Gen., San Juan, P. R., was on brief, for appellee.

Before WOODBURY, Chief Judge, and ALDRICH and SMITH,* Circuit Judges.

* Sitting by Assignment.

ALDRICH, Circuit Judge.

This was an appeal from a decision of the Supreme Court of Puerto Rico upholding a transfer tax on death, including a penalty for failure to file a notification of death with appellee Secretary of the Treasury. Appellant is the widow and sole heir of the decedent. She and decedent resided at all times in the state of Michigan, where the shares of stock whose transfer is sought to be taxed were physically located. The constitutional power of Puerto Rico to impose this death duty is unquestioned. State Tax Commission of Utah v. Aldrich, 1942, 316 U.S. 174, 62 S.Ct. 1008, 86 L.Ed. 1358. We agree with appellee that the decision of the Supreme Court of Puerto Rico, March 24, 1961, interpreting the effect and meaning of the Puerto Rico statute in his favor could not be said to be inescapably wrong, and we affirmed this portion of the judgment by order dated September 7, 1961.

A more difficult question remains with respect to the penalty. The statute requires the notification of death to be filed by "every administrator, executor, or trustee * * * or person lawfully authorized to administer the estate * * in Puerto Rico." 13 L.P.R.A. § 893 (1955). The statute defines administrator as including "any heir, relative or other beneficiary of any decedent, who may have charge of the disposition and apportionment of the property of such deceased." 13 L.P.R.A. § 882. The Supreme Court held that appellant, as universal heir of the decedent, must be presumed, in the absence of evidence to the contrary, to be in charge of the disposition of the property, and hence responsible for the filing of the notice. However warranted such a presumption may be under Puerto Rico law, where we understand personal property normally goes directly to the heirs rather than through a court-appointed fiduciary, it is of doubtful validity in Michigan. In that state, as in all states of the Union with which we are familiar, personal property must pass to and through a court-appointed fiduciary. See Michigan Stat.Ann. § 27.3178(122) (1943), Comp. Laws 1948, § 702.52 There are many reasons why a widow may not be, or may decline to be, so appointed. We could not sustain this penalty if its imposition must depend upon the correctness of the court's presumption that appellant was the administratrix.

It is true, as we read the opinion, that the court's language indicated that it was a necessary condition that appellee establish the identity of the party charged with filing the notice. Cf. Del Toro v. Tax Court, 1945, 65 P.R.R. 58. But this is not to say that the statute might not have been interpreted, had the court recognized the need, to mean that the stated penalty of an increase in the tax could be collected without such establishment. In this respect the important matter is the receipt or non-receipt of the notice, and not the identity of the individual responsible. At the same time we note that the statute as a whole is couched in terms of a duty upon the administrator, and a fine is imposable upon him personally. Certainly in respect to criminal liability identity must be directly established without benefit of presumptions. Nor can there be substituted an obligation, as suggested by appellee, on the heir to come forward and show who is the administrator if he is not.

We are sensitive of the fact that it is the right, as well as the duty, of the Supreme Court of Puerto Rico to interpret its own statutes. We think this question of statutory interpretation should be remanded to that court for further consideration.

Appellant's other contention does not require discussion.

Judgment will be entered vacating the judgment of the Supreme Court of Puerto Rico with respect to the penalty and remanding the action to that court for further proceedings.