EDNA R. FREEMAN, Plaintiff and Appellant, *v.* JOSÉ RAMÓN NOGUERA, SECRETARY OF THE TREASURY OF PUERTO RICO, Respondent and Appellee.

No. 135. Decided December 26, 1962.

*Brown, Newsom & Córdova* for appellant. *Hiram R. Cancio, Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice,* and *Juan A. Faría, Assistant Solicitor General,* for appellee.

PER CURIAM.

The background of the present case which is set forth in 82 P.R.R. 298 (1961) shows that the decedent George D. Freeman died on March 29, 1953 and that on account of his death appellant received 1,360 common shares, class A, of the domestic corporation Frederick Lee, Inc. No notice whatsoever was presented to the Secretary of the Treasury for the determination and imposition of the corresponding inheritance tax, whereupon on October 11, 1957 the aforesaid official required the aforementioned widow to pay a specific sum by way of taxes and penalities under the provisions of Act No. 303 of April 12, 1946 (Sess. Laws, p. 782, 13 L.P.R.A. § 881 *et seq.*). We sustained the action of the Secretary.

Appellant appealed to the Court of Appeals for the First Circuit which affirmed our judgment, respecting the assessment of the tax, by order of September 7, 1961. Subsequently, on March 5, 1962, it remanded the case for review respecting the imposition of the penalty. *Freeman* v. *Ramón Noguera,* 299 F.2d 767 (1962).[1] It is unnecessary to pass

---

[1] The pertinent part of the opinion of the Court of Appeals states the following:

"... The Supreme Court held that appellant, as universal heir of the decedent, must be presumed, in the absence of evidence to the

on sterile speculations as to the effect of our opinion on the presumption, which we deemed existed to the effect that appellant, as decedent's heir, was bound to file the notice and that therefore, the penalty for noncompliance lay. The clear differences existing between the successoral systems prevailing in the states of the Union and the principles governing Puerto Rican law on that score would justify an extensive dissertation on the appropriateness of such a presumption.[2] But that is not necessary since the law expressly provides that "whenever the said notification is not presented within the term [sixty days after the death] and in the manner herein established,... *there shall be added to the tax by way of penalty* an amount equal to two (2) per cent of the amount due for each period of thirty (30) days or fraction of such period that the lack of notification exists; but the said penalty shall in no case exceed five (5) per cent of the amount due."

---

contrary, to be in charge of the disposition of the property, and hence responsible for the filing of the notice. However warranted such a presumption may be under Puerto Rico law, where we understand personal property normally goes directly to the heirs rather than through a court-appointed fiduciary, it is of doubtful validity in Michigan. In that state, as in all states of the Union with which we are familiar, personal property must pass to and through a court-appointed fiduciary. See Michigan Stat. Ann. § 27.3178(122) (1943), Comp. Laws 1948, § 702.52. There are many reasons why a widow may not be, or may decline to be, so appointed. We could not sustain this penalty if its imposition must depend upon the correctness of the court's presumption that appellant was the administratrix.

"It is true, as we read the opinion, that the court's language indicated that it was a necessary condition that appellee establish the identity of the party charged with filing the notice. Cf. Del Toro v. Tax Court, 1945, 65 P.R.R. 58. But this is not to say that the statute might not have been interpreted, had the court recognized the need, to mean that the stated penalty of an increase in the tax could be collected without such establishment. In this respect the important matter is the receipt or nonreceipt of the notice, and not the identity of the individual responsible. At the same time we note that the statute as a whole is couched in terms of a duty upon the administrator..."

[2] See, §§ 599 to 603 of the Civil Code, 1930 ed., 31 L.P.R.A. §§ 2081 to 2085. See also, V-1 PUIG BRUTAU, *Fundamentos de Derecho Civil* 82, 83 (1961), where it is stated that:

"... there are two capital ways of ordering the law of successions

(Italics ours.) This is so, independently of the identity of the person who is bound to file the notice, that is, that it may be levied as part of the tax itself.[3] Besides, appellant carried the burden of proof to show that she was not in possession of the property or that she was not in charge of its disposal and partition. She had sufficient opportunity to prove it in the trial court and failed to do so. This being so, the presumption of correctness of the administrative determination prevails. *Carrión v. Treasurer of Puerto Rico*, 79 P.R.R. 350, 360 (1956).

In view of the foregoing, the appropriateness of the penalty imposed amounting to $1,121.63, is sustained.

by reason of death, since it may be estimated that the whole of the property and of juridical relations of all sorts of the decedent constitute a patrimonial mass in liquidation (*common law system*) or that it concerns a patrimony in conservation and destined to redound upon the heir or heirs, in such a way that they take the place or juridical position which the decedent occupied (Roman system)."

[3] In *Del Toro v. Tax Court*, 65 P.R.R. 58 (1945), there was no issue whatsoever respecting the imposition of the penalty, but merely respecting the effectiveness of a death notification made by the trustee of an heiress which was not in possession of the inheritance, because the property was entrusted to a judicial administrator.