EDNA R. FREEMAN, demandante y recurrente, *v.* JOSÉ RAMÓN NOGUERA, SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrido.

*Número:* 135    *Resuelto:* 26 de diciembre de 1962

*Brown, Newsom & Córdova,* abogados de la recurrente; *Hiram R. Cancio, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar,* y *Juan A. Faría, Procurador General Auxiliar,* abogados del recurrido.

PER CURIAM: De los antecedentes del presente caso que aparecen expuestos en 82 D.P.R. 307 (1961) surge que el causante George D. Freeman falleció en 29 de marzo de 1953 y que con motivo de su fallecimiento la recurrente recibió 1360 acciones comunes, clase A, de la corporación doméstica Federick Lee, Inc. No se presentó declaración alguna al Secretario de Hacienda para la determinación e imposición de la contribución de herencia correspondiente, por lo cual en 11 de octubre de 1957 dicho funcionario requirió a su mencionada viuda el pago de determinada suma por concepto de contribución y penalidad bajo las disposiciones de la Ley Núm. 303 de 12 de abril de 1946 (Leyes, pág. 783, 13 L.P.R.A. secs. 881 *et seq.*). Sostuvimos la actuación del Secretario. ▮

La recurrente apeló para la Corte de Apelaciones del Primer Circuito la cual confirmó nuestra sentencia, en cuanto se refiere a la imposición de la contribución, mediante orden de 7 de septiembre de 1961. Posteriormente, en 5 de marzo de 1962, devolvió el caso para que revisáramos lo referente a la imposición de la penalidad, *Freeman* v. *Ramón Noguera,* 299 F.2d 767 (1962).[1] No es necesario que entremos en especulaciones estériles sobre el efecto de nuestra opinión sobre la presunción que estimamos existía al efecto de que la recurrente, como heredera del causante, estaba obligada

---

[1] La parte pertinente de la opinión de la Corte de Apelaciones dice así:

". . . El Tribunal Supremo resolvió que, en ausencia de evidencia en contrario, debe presumirse que la apelante, como heredera universal del causante, tiene a su cargo la disposición de los bienes, siendo, por tanto, responsable de la radicación de la notificación [de defunción]. Independientemente de lo justificada que pueda estar tal presunción bajo las leyes de Puerto Rico donde, según tenemos entendido, los bienes muebles ordinariamente pasan directamente a los herederos más bien que a través de un administrador nombrado por el tribunal, dicha presunción es de dudosa

a rendir la declaración y que, por tanto, le era imponible la penalidad por su incumplimiento. Las diferencias claras existentes entre los sistemas sucesorales imperantes en los estados de la Unión y los principios que rigen el Derecho puertorriqueño sobre el particular justificarían una extensa disertación sobre la procedencia de tal presunción.(2)  Pero ello no es necesario ya que la ley expresamente dispone que "cuando no se presentare la notificación dentro del término [sesenta días siguientes al fallecimiento] y en la forma que aquí se establece . . . *se adicionará a la contribución en concepto de penalidad,* una cantidad equivalente al dos (2) por ciento de la cantidad adeudada por cada período de treinta (30) días o fracción de tal período mientras subsista la falta de notificación; pero dicha penalidad no podrá exceder, en ningún caso, del cinco (5) por ciento de la cantidad

validez en Michigan.  En ese estado, al igual que en todos los estados de la Unión de que tengamos conocimiento, los bienes muebles han de pasar a, y a través de, un administrador nombrado por un tribunal.  Véase, Michigan Stat. Ann. Sec. 27.3178(122) (1943).  Existen numerosas razones por las que una viuda no pueda, o rehuse, ser así nombrada.  No podríamos sostener esta penalidad si su imposición depende de la corrección de la presunción del tribunal al efecto de que la apelante era la administradora.

"Es cierto, al leerse la opinión, que el lenguaje del tribunal indicaba que era condición necesaria que el apelado estableciera la identidad de la persona encargada de radicar la notificación.  Cf. *Del Toro* v. *Tribunal de Contribuciones,* 1945, 65 D.P.R. 63.  Pero esto no equivale a decir que el estatuto no pudiera interpretarse, de haber el tribunal reconocido su necesidad, en el sentido de que podía cobrarse la indicada penalidad consistente en un aumento en la  contribución sin que ello se hubiese establecido.  A este respecto lo que importa es el recibo o no recibo de la notificación, y no la identidad de la persona responsable.  Al mismo tiempo observamos que el estatuto en general está redactado en términos de un deber del administrador . . . "

(2) Véanse, artículos 599 a 603 del Código Civil, ed. 1930, 31 L.P.R.A. secs. 2081 a 2085.  Véase, además, Puig Brutau (*Fundamentos de Derecho Civil* (1961), tomo V, vol. 1, págs. 82-83), donde se dice que:

". . . existen dos maneras capitales de ordenar el Derecho de sucesiones por causa de muerte, pues cabe estimar que el conjunto de bienes y de relaciones jurídicas de toda clase del causante forman una masa patrimonial en liquidación (sistema del *common law*) o que se trata de un patrimonio en conservación y destinado a refundirse con el propio del heredero o herederos, de manera que éstos se colocan en el lugar o posición jurídica que ocupaba el causante (sistema romano)."

adeudada." Esto es así independientemente de la identidad de la persona que viene obligada a rendir la declaración, o sea, que es imponible como parte de la contribución misma. ([3]) Además, correspondía a la recurrente el peso de la prueba para demostrar que ella no se encontraba en posesión de los bienes o que no estaba encargada de su disposición y división. Amplia oportunidad tuvo para ello ante el tribunal de instancia y no lo hizo. Siendo ello así, prevalece la presunción de corrección de la determinación administrativa. *Carrión* v. *Tesorero de P. R.*, 79 D.P.R. 371, 381 (1956).

*En virtud de lo expuesto, se sostiene la procedencia de la penalidad impuesta ascendente a $1,121.63.*

---

([3]) En *Del Toro* v. *Tribunal de Contribuciones*, 65 D.P.R. 63 (1945), no estaba envuelta cuestión alguna relacionada con la imposición de la penalidad, sino meramente la eficacia de una notificación de defunción hecha por el apoderado de una heredera que no estaba en posesión de la herencia, por estar los bienes bajo la custodia de un administrador judicial.