WILLIAM W. BAILEY, demandante y recurrente, *v.* SECRETARIO DE HACIENDA, demandado y recurrido.

*Número*: R-72-338    *Resuelto*: 19 de octubre de 1973

*Benjamín Rodríguez Ramón* y *Teodoro Peña García,* abogados del recurrente; *Miriam Naveira de Rodón, Procurador General,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados del recurrido.

El Juez Asociado Señor Díaz Cruz emitió la opinión del Tribunal.

El albacea testamentario de John Livingston Thomas, residente de St. Thomas, V.I., radicó con el Secretario de Hacienda la notificación (planilla) de los bienes de dicho causante a los fines de la contribución sobre herencia que liquidada resultó en una imposición de $69,343.00 que pagó la sucesión. Transcurrido en exceso el término de 30 días que concede la Ley (13 L.P.R.A. sec. 282(4)) para revisar dicha imposición mediante demanda ante el Tribunal Superior, el albacea informó al Secretario de Hacienda haber descubierto otros bienes del caudal no incluidos en la notificación original, por lo que sometió una planilla adicional en la que incluyó 174,000 acciones preferidas de "Sleeper Productions, Inc." y 8,000 acciones preferidas de "Martha Sleepers Creates, Inc.", incluyendo dividendos acumulados por pagar y un pagaré de $15,000 suscrito por Ponce Textile Print Works, Inc. El recurrido Secretario de Hacienda tasó las acciones de Sleepers Productions en $53,940.00 y las de Martha Sleepers en $9,417.65, e impuso una contribución de $27,635.76. El albacea presentó demanda impugnando esta determinación final de Hacienda pero no acompañó con su demanda "la parte de contribución con la cual estuviere conforme" (13 L.P.R.A. sec. 282(4)), razón ésta por la que el tribunal de instancia desestimó la demanda por falta de jurisdicción.

En su recurso de revisión de contribuyente hace dos señalamientos de error que se funden en el planteamiento de que el recurrente cumplió con el requisito jurisdiccional y que el tribunal de instancia debió ver el caso en los méritos y revisar la imposición.

El remedio de ley a disposición del contribuyente no conforme con la· determinación final del Secretario de Hacienda en contribución sobre herencia está provisto en 13 L.P.R.A. sec. 282 (4) cuyo texto lee:

"A.—*Apelación de las Determinaciones del Secretario de Hacienda.*—Cuando un contribuyente no estuviere conforme con una determinación notificádale por el Secretario de Hacienda y tuviere derecho por ley a apelar de ella para ante el Tribunal Superior, deberá hacerlo en la forma, dentro del término y previo el cumplimiento de los requisitos siguientes:

.    .    .    .    .    .    .    .

"(4) *Contribución sobre Herencias y Donaciones*

"De una determinación final del Secretario de Hacienda, notificada en la forma provista en la sec. 896 de este título, pagando la parte de la contribución con la cual estuviere conforme el contribuyente, y radicando su demanda en el Tribunal Superior en la forma dispuesta por las secs. 286 y 289 de este título, dentro del término de treinta (30) días, a partir de la fecha del depósito en el correo de la notificación de la determinación final del Secretario de Hacienda; Disponiéndose, que tanto el término de treinta (30) días para recurrir ante el Tribunal Superior como el pago dentro de dicho término de la parte de la contribución con la cual estuviere conforme el contribuyente, se considerarán de carácter jurisdiccional."

■ Tanto el texto del estatuto como la jurisprudencia (*Balbás* v. *Tribunal de Contribuciones*, 73 D.P.R. 244 (1952)), hacen del pago de aquella parte de la contribución que acepta el contribuyente un requisito jurisdiccional. Para justificar su inobservancia de esta condición precedente el albacea alega que como ambas corporaciones Sleepers Productions y Martha Sleepers mostraban déficit en sus estados financieros, las acciones no tenían valor alguno, y que siendo

el valor de las acciones "cero" carece el recurrente de una base para computar y pagar contribución alguna con la que estaría conforme. El argumento es falaz si consideramos lo expresado por el propio recurrente en el párrafo 6 (c) de su demanda que copiamos:

"(c) El demandado erró al fijar la tasación de las acciones preferidas de las dos corporaciones; son *tributables*(1) pero la tasación no es justa y razonable porque no se da cuenta a que una de las corporaciones estaba inactiva, con un inventario maquinaria, mercancía y materia prima vieja y muerta, y un déficit de $152,312.08; que la otra corporación también tenía un déficit." (Énfasis nuestro.)

Es inescapable la inferencia de que algún valor tenían esas acciones cuando el albacea las incluyó en una notificación suplementaria de modo que al pasar el trámite de imposición y pago de la contribución sobre herencia quedara la sucesión habilitada para realizarlas o desprenderse de ellas en el mercado. Dicha condición de inutilidad en las acciones ni se alegó en la demanda ni se estableció con evidencia ante el tribunal a quo que sólo tuvo ante sí estados financieros de ambas corporaciones con déficit. (2)

---

(1) Tributar, según la Academia, significa entregar el ciudadano al Estado para las cargas y atenciones públicas, cierta cantidad de dinero.

(2) Las prácticas de contabilidad varían considerablemente según el propósito que las dirige. Así ocurre con la supresión de la plusvalía cuya depreciación no puede amortizarse o deducirse para fines contributivos. Una corporación necesita mantener una contabilidad adaptable a todo propósito corporativo o comercial. Puede haber divergencia entre la práctica aplicable a valores, ganancias y deducciones a los fines de la contribución sobre ingresos y los requisitos para determinar los sobrantes disponibles para dividendos. La Ley de Corporaciones tiene una meta distinta de la legislación contributiva. Ballantine *On Corporations*, ed. 1946, pág. 528. Al tasar acciones para contribución sobre herencias, de no haber cotizaciones del mercado, debe hacerse el esfuerzo de fijar por todos los medios disponibles y adecuados el precio más alto que un comprador hipotético pagaría a un vendedor hipotético ambos deseosos de negociar en un mercado abierto y libre. *El valor en los libros no es necesariamente el valor real en el mercado.* No son criterios exclusivos de valoración de estas acciones ni la capacidad de ganancia de la corporación ni los

Es insostenible la distinción que hace el recurrente entre el caso *Balbás*, y su propio caso argumentando que en aquél se pedía una reducción de la contribución por lo que había que pagar la parte aceptada de la impuesta, mientras que en el caso de autos, como se alega que los bienes informados nada valen y se impugna la contribución en su totalidad, [3] no hay que cumplir con el requisito jurisdiccional de pagar parte de la contribución. El argumento conduce a convertir la condición jurisdiccional del estatuto citado en letra muerta. De prevalecer, un apelante que niegue todo valor a bienes tasados bajo la presunción de corrección que rodea las determinaciones del Secretario de Hacienda, estaría exento de pagar aquella parte de la contribución que buenamente pague por revisar quien solicite una reducción de la contribución impuesta. Equivale, en fin, a dejar a elección del contribuyente si usar la jurisdicción apelativa mediante pago de parte de la contribución o si se autodeclara exento de pago alguno.

Ni la Ley de Contribución sobre Herencias ni las disposiciones sobre apelaciones contributivas operan sobre cosas desechadas sin utilidad. El solo acto del recurrente trayendo esas acciones corporativas al ámbito legal contributivo de dichos estatutos, describiéndolas como tributables, es indicio de que algún valor tienen. Los albaceas que cumplen con su deber de proteger el caudal a ellos confiado como lo ha hecho el recurrente rindiendo la planilla de herencia, no incurren en el gesto estéril de someter desechos a la acción impositiva de Hacienda.

En la transcrita Sec. 282 del título 13 L.P.R.A. el Estado da su consentimiento para que se le demande por el contribuyente en variadas situaciones anejas al tipo de contribución impuesta, pero establece unas reglas o condiciones para pro-

---

dividendos pagados. Fletcher, *Cyclopedia of the Law of Private Corporations*, ed. 1965, Tomo 14, Sec. 6983, págs. 881-886.

[3] Para quien impugna la contribución en su totalidad está disponible el recurso de reintegro. (13 L.P.R.A. sec. 282(6).)

teger la efectividad de la imposición fiscal. En ciertas reclamaciones exige fianza a favor del Secretario de Hacienda, en otras pago de una parte de la contribución, y ambas formas de garantía en los casos de emergencia cuando el Secretario considera que hay riesgo de que la contribución sobre la propiedad se pierda o perjudique parcial o totalmente. (13 L.P.R.A. sec. 476(2).) El recurrente en este caso no ha satisfecho la condición previa de consentimiento por el Soberano para que el tribunal pueda asumir jurisdicción y conocer de su demanda.

*Se confirmará la sentencia revisada.*

El Juez Asociado, Señor Irizarry Yunqué, concurre en el resultado.