José Ruiz de Val, peticionario y apelado, *v.* Lucía Morales Vda. de Riefkohl, opositora y apelante.

No. 4983.—*Sometido:* Marzo 7, 1930. *Resuelto:* Marzo 31, 1930.

*E. H. F. Dottin,* abogado de la apelante; *C. Coll Cuchí,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Durante la vista de este caso y en el alegato de la apelante se han afirmado cuestiones que no aparecen de la prueba sometida a la corte inferior para resolver las controversias en este caso, suscitadas por una consignación hecha en corte y una oposición.

Lo que sí revelan los autos es que las partes tuvieron una controversia sobre cierta suma de dinero; que Ruiz de Val, el apelado, ofreció pagar a la apelante la suma de $2,020 que ella rehusó aceptar. De ahí que se hiciera la consignación en corte.

Se admitió que a la apelante, al oponerse a la consignación, incumbía probar que no estaba obligada a aceptarla. Se trató de hacer esto. Su testigo principal, podría decirse, fué Ruiz de Val. Terminada la prueba, el letrado de la apelante se levantó para manifestar que él, significando con ello su

cliente, convenía en que la consignación había sido debidamente hecha. La apelante pidió, sin embargo, que no se le condenara a pagar honorarios de abogado. Con la prueba que tuvo ante sí, la corte, no obstante, concedió honorarios de abogado. La apelación versa sobre esta concesión.

Varias veces hemos resuelto que cuando se llama como testigo a la parte contraria su credibilidad general es aceptada. Desde luego, un testigo así llamado puede ser impugnado en la forma prescrita por los artículos 158 y 159 de la Ley de Evidencia. No sólo no se trató de hacer tal impugnación, sino que los autos tampoco revelan impugnación de clase alguna.

En síntesis, el apelado era el abogado de la apelante. Ella le entregó la suma de dos mil dólares para invertirla. Ruiz de Val, en una entrevista, o en varias entrevistas tenidas con su cliente, manifestóle que el supuesto deudor hipotecario no quería otorgar la hipoteca; que dicha persona deseaba vender la finca; que había negociaciones pendientes, pero que en el ínterin, de acuerdo con el testigo Ruiz de Val, la apelante le sugirió que se quedara con el dinero y le pagara intereses por el mismo. Así lo hizo.

También sucedió que al proponerse originalmente un préstamo la apelante suscribió una escritura de hipoteca en blanco para ser otorgada por dicho supuesto deudor hipotecario. La apelante creyó que en este documento estaba envuelta una inversión de dinero por dos años. Al presentarse dicho documento durante el juicio, demostró que el período convenido fué el de un año solamente.

La teoría principal de la apelante, según revelan las alegaciones, fué que Ruiz de Val como abogado de ella recibió dinero para hacer una inversión por dos años y que ella tenía derecho a tal inversión y al pago de intereses durante dos años. La prueba no demuestra engaño alguno por parte de Ruiz de Val. La Corte de Distrito de San Juan, tal como demuestran los autos, fué ampliamente requerida para que

ejerciera su discreción en favor de la apelante. Es muy de presumirse que la corte creyera que Ruiz de Val había hecho cuanto estaba a su alcance para relevarse de la obligación de los dos mil dólares entregádosle por su cliente. Debidamente aconsejada por su letrado, la apelante dijo que la consignación se hizo propiamente. Sólo por los argumentos aparece que la apelante habría aceptado la consignación si la escritura de hipoteca le hubiese sido presentada. No podemos hallar abuso alguno de discreción. En un procedimiento de esta clase se conceden las costas como cuestión de derecho, de acuerdo con el artículo 1147 del Código Civil.

■ Ha surgido una duda en nuestras mentes respecto a si la resolución dictada en una solicitud de consignación es apelable. Se sugirió que cuando hay oposición, el procedimiento es similar a una intervención. También existe alguna ligera similaridad a un ''interpleader'' en equidad donde existen reclamantes opuestos de los mismos fondos que se hallan en poder de un agente y éste los deposita en corte. De todos modos, hubo un procedimiento contencioso en el cual surgió sentencia final. Por tanto, el caso cae dentro de la regla, la excepción a la cual fué indicada en *In re Juan Montalvo,* resuelto en el día de hoy, pág. 782.

■ También hemos tenido algunas dudas respecto a si ésta era la clase de procedimiento contencioso que tiene por mira la concesión de honorarios de abogado. El razonamiento a virtud del cual hemos llegado a la conclusión de que el caso es apelable es igualmente aplicable a la concesión de honorarios de abogado.

*Debe confirmarse la resolución o sentencia apelada.*