*Ex Parte* ÁNGEL SOTO, peticionario apelado; MARÍA G. RODRÍGUEZ, interventora apelante.

Núm. 10125.—*Sometido:* Junio 1, 1950.  *Resuelto:* Junio 13, 1950.

*Leopoldo Santiago Carmona,* abogado de la apelante; *Diego O. Marrero,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Ante la Corte Municipal de Bayamón radicó Ángel Soto una petición de consignación, en la cual alegó sustancialmente estar casado con Concepción Olmo y haber sido ésta dueña de un predio de terreno radicado en el Barrio Buena Vista de Bayamón, compuesto de dos cuerdas y un cuadro; que Concepción Olmo convino en 30 de diciembre de 1938 con María Rodríguez la venta de dicho terreno por la suma de $350, cantidad de la cual aquélla recibió de ésta $160, estipulándose expresamente por las partes en documento otorgado ante notario que en caso de que la compradora no pudiera satisfacer los $190 restantes, la acreedora le devolvería los $160 por ella recibidos, la deudora quedaría relevada de toda responsabilidad y el pagaré no tendría efecto alguno, siendo la fecha de vencimiento de este último el 30 de diciembre de 1940; que el referido pagaré está vencido y no obstante

las gestiones hechas por Concepción Olmo a fin de que María Rodríguez reciba los $160 a que antes se ha hecho mención, ésta se ha negado a ello, a pesar de no haber efectuado dentro del término estipulado el pago de la suma de $190 a que se refiere el documento otorgado. Finaliza su petición solicitando se admita el depósito de los $160 ya indicados y se ordene la cancelación del pagaré.

Compareció María Rodríguez admitiendo haber sido citada en el procedimiento y haciendo constar que comparecía en su condición de demandada. Alegó como defensas especiales que Concepción Olmo era soltera para la fecha en que tuvo lugar la transacción entre ellas y que su esposo no tenía autoridad en ley para representarla en defensa de sus bienes privativos; que de la petición no aparece que Concepción Olmo le hiciera oferta alguna de pago; que no existe deuda sobre la cual pueda basarse el procedimiento de consignación; que la acción ejercitada es más bien una de rescisión de contrato y que mientras éste tenga existencia legal sólo puede ser atacado mediante acción ordinaria, mas no a virtud de un procedimiento de consignación. También alegó que sólo adeudaba $75, suma que había ofrecido en repetidas ocasiones a Concepción Olmo y ésta se había negado a recibir, y solicitó por vía de contrademanda se ordene a Concepción Olmo le otorgue escritura de compraventa.

La corte municipal dictó sentencia declarando bien hecha la consignación y ordenando la cancelación del pagaré a que antes hemos aludido. Apeló María Rodríguez para ante la corte de distrito de Bayamón, donde después de celebrado el juicio *de novo* se dictó una vez más sentencia en su contra. De ésta apeló ella para ante nos y en apoyo de su recurso señala los siete errores que discutiremos en el curso de esta opinión.

■ El primero, brevemente expuesto, es al efecto de que "una petición *ex parte* sobre consignación no puede convertirse sin alegaciones rescisorias en una acción civil." Aunque titulada "Consignación de Dinero" la acción establecida

550

fué virtualmente la plenaria sobre resolución de contrato y cancelación de pagaré. De dicha petición fué notificada la apelante y al comparecer ella a oponerse a las pretensiones del promovente, la acción se convirtió en un pleito civil contencioso. *Muriente v. Yumet*, 58 D.P.R. 617, 621; *Cf. Ruiz de Val v. Morales*, 40 D.P.R. 773, 775.

■ En segundo lugar alega la apelante que la corte inferior erró al permitir que Concepción Olmo estuviese representada en el pleito por su esposo Ángel Soto, apareciendo del mismo que ella era soltera. Si bien esta cuestión fué suscitada originalmente como defensa ante la corte municipal, la misma no se planteó en forma alguna ante la corte de distrito, no pudiendo, por ende, levantarse ahora la misma ante nos. *Autoridad Sobre Hogares v. Sagastivelza*, ante, pág. 436 y casos en él citados.

■ También alega la apelante que Concepción Olmo carecía de personalidad para instar la demanda en el presente caso. Tampoco tiene razón. El documento otorgado entre las partes textualmente copiado reza así:

"PAGARÉ.—Por: $190.00 U. S.Cy. Vencimiento como se detalla: Diciembre 30, de 1940. Debo y pagaré a doña Concepción Olmo la suma de $190.00, cuya suma no devengará interés alguno, y me comprometo a pagar dicha deuda en o antes de diciembre 30 de 1940 en el domicilio de la acreedora.

"El motivo de esta deuda, se basa en una compra venta de un prodio de terreno radicado en el barrio Buena Vista, Kilómetro siete, con siete hectómetros, por medio de la cual doña Concepción Olmo vende a doña María G. Rodríguez, dos cuerdas y cuadro de terreno por la suma de $350.00, habiendo pagado $160.00 de dicha deuda en el acto de la compra, y adeudándole la suma objeto de este pagaré. En caso de reclamación judicial me comprometo a pagar las costas, gastos y honorarios de abogado de que se valga la acreedora, aunque el procedimiento se lleve en rebeldía, tasándose de común acuerdo los gastos y honorarios en la suma de $50.00.

"*En caso de que la deudora no pueda satisfacer dicha suma, la acreedora le devolverá la suma de $160.00, cantidad recibida en concepto de compra de terreno, y la deudora quedará relevada*

*de toda responsabilidad inclusive la de este pagaré. Una vez cumplido lo estipulado este pagaré quedará sin efecto.*

"Para constancia firmamos el presente documento en Bayamón, P. R., a 30 de diciembre de 1938. Firmado:. Catalina Olmo como mandataria de Concepción Olmo. María G. Rodríguez." (Bastardillas nuestras.)

De conformidad con los términos del mismo, la acción se instó exclusivamente para resolver el contrato de compraventa y para que se cancelara el pagaré, por no haber pagado la compradora dentro del término estipulado en el documento el saldo de la deuda. Esto, desde luego, tenía derecho a solicitarlo la vendedora, no obstante el hecho de que con posterioridad al vencimiento del pagaré y antes de instarse la petición de consignación ella vendió a un tercero la propiedad que dió lugar a que se otorgara dicho documento.

■ La cuestión de prescripción suscitada en el cuarto señalamiento no fué planteada en forma alguna en la corte sentenciadora, por lo que a tenor de los casos citados al discutirse el segundo error, la misma no puede ser considerada por nosotros.

■ Carece de fundamento la contención de la apelante al efecto de que la corte municipal no tenía jurisdicción para conocer de la petición de consignación, por ser la materia en controversia mayor de $500, puesto que la propiedad cuyo contrato se trataba de resolver valía más de $1,000. El verdadero objeto de la petición, repetimos, fué resolver un contrato de compraventa en el cual el valor de la cosa objeto de la misma se fijó en $350. Siendo ello así, la corte municipal tenía jurisdicción para conocer de dicha petición. *Pérez v. Corte*, 47 D.P.R. 580, 585.

■ El sexto error señalado es que la corte inferior erró (1) al ordenar la cancelación de un pagaré y todas las obligaciones que se derivaban de él, a virtud de una consignación *ex parte;* así como (2) al apreciar la prueba y al actuar apasionada e injustamente y con ánimo prevenido. La parte inicial del error así señalado ha sido ya resuelta por nosotros

al discutir el primer error. En cuanto a la segundá parte del mismo bastará con decir que en su opinión la corte declaró probados los siguientes extremos: (1) que Concepción Olmo vendió a la aquí apelante un predio de terreno ubicado en el Barrio Buena Vista de Bayamón por $350; (2) que ante notario se otorgó el pagaré a que ya nos hemos referido; (3) que la apelante entregó a Concepción Olmo la suma de $160, pero no le pagó los restantes $190; (4) que al no recibir esta última cantidad y una vez vencido el pagaré y no obstante las gestiones de cobro, Concepción Olmo trató de devolverle a la apelante la suma de $160 ya recibida de ésta, sin que lograra que la apelante aceptara la referida cantidad.

La prueba del promovente tendió a demostrar todas y cada una de las contenciones de su petición, mientras que la de la apelante fué en el sentido de que en adición a los $160 a que se hace referencia en el documento otorgado, ella pagó a Concepción Olmo $115 en distintas cantidades, en relación con algunas de las cuales poseía los recibos que ofreció en evidencia; y que los $75 restantes se los ofreció en distintas ocasiones a Concepción Olmo, pero que ésta se negó a recibirlos, diciéndole que los recibiría cuando se otorgara la escritura pública correspondiente, pero que nunca se avino a otorgar ésta. La corte inferior no dió crédito a la prueba de la demandada. En los autos hay sin duda suficiente prueba para justificar la conclusión a que llegó la corte sentenciadora, no habiéndonos convencido la detenida lectura que hemos hecho de la misma de que al dirimir el conflicto en la prueba la corte inferior actuara apasionada e injustamente o con ánimo prevenido.

■ También sostiene la apelante que la acción instada en su contra es *res judicata*. Se funda en haber obtenido sentencia favorable en procedimiento de injunction posesorio seguido por ella en relación con la propiedad aquí envuelta— contra Manuel Reyes Rivera, quien adquirió de los herederos de Mariana Olmo y ésta a su vez de Concepción Olmo, esposa

del demandante. La defensa de res judicata no procede cuando no hay identidad de personas ni de causas. En este caso no las hay. *Meléndez* v. *Cividanes*, 63 D.P.R. 4.

*No habiéndose cometido ninguno de los errores señalados la sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Snyder no intervino.