FRANCES LALOMA, demandante y apelante, *v.* CARMEN FERNÁNDEZ LÁTIMER, demandada y apelada.

Núm. 8418.—*Sometido:* Marzo 3, 1943. *Resuelto:* Marzo 12, 1943.

*Leopoldo Feliú,* abogado de la apelante; *R. Castro Fernández,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Los hechos y el fallo en este caso han sido suficientemente expuestos en la opinión de la corte inferior, que dice en parte como sigue:

"Alega en esencia la demanda que Josefa Echevarría fué dueña hasta la fecha de su muerte de cierta finca, que la demandante es su única heredera, que la demandada, a sabiendas de que no era dueña de la finca, y de que lo era la demandante, radicó acción contra la demandante para reivindicar la finca, alegando a sabiendas hechos falsos demostrativos de su alegado título a la finca, que la ahora demandante excepcionó aquella demanda, que se desestimó la excepción y se concedió a la aquí demandante tiempo para contestar, que la aquí demandante optó por no contestar y solicitar sentencia por las alegaciones, de la cual apeló al Tribunal Supremo, donde se confirmó la sentencia en su contra, y que luego solicitó de esta corte se dejara sin efecto la sentencia y se le permitiera radicar su contestación, solicitud que fué denegada.

"Además de los hechos expuestos, contiene la demanda numerosas protestas en cuanto a la buena fe y mejores intenciones de la de-

mandante, a la mala fe de la demandada, y al hecho de que, si no contestó la demanda en el caso anterior, fué porque su abogado entonces (el mismo que ahora la representa) creyó más conveniente solicitar sentencia por las alegaciones, para apelar al Tribunal Supremo, en la seguridad que éste le daría una oportunidad para contestar, de no prosperar la apelación, y que si no pidió oportunamente al Tribunal Supremo dejase sin efecto la sentencia y le permitiese contestar, fué porque su abogado estaba enfermo.

"La demandada ha interpuesto excepción previa a la demanda por el fundamento, entre otros, de que no aduce hechos constitutivos de causa de acción.

"De la demanda surge que la demandante no ignoraba la alegada falsedad del título de la demandada cuando esta corte concedió a aquélla la oportunidad de contestar la demanda de ésta y cuando aquélla optó por desechar esa oportunidad y solicitar sentencia por las alegaciones, y que la demandante estaba tan preparada entonces para plantear esa alegada falsedad de título como lo está ahora.

"Es evidente que de la demanda surge que los derechos de las partes a la finca descrita en la demanda han sido ya determinados por esta corte. No puede ahora la demandante iniciar de nuevo el litigio mediante la mera alegación de que el título de la demandada es falso, y de que la demandada lo sabía al pedirle a esta corte que lo declarase genuino, particularmente cuando aparece de la demanda que la demandante conocía la supuesta falsedad del título y optó por no presentar esa defensa.

"Los casos que cita la demandante no son aplicables. Indudablemente que puede anularse una sentencia por fraude, en términos generales, pero no cuando el supuesto fraude se refiere a los hechos que estaban directamente envueltos en el litigio, y la parte agraviada por la sentencia conocía los hechos y tuvo plena oportunidad de presentar su defensa antes de que se dictase sentencia. Si pudiera anularse una sentencia por el único motivo de que la parte demandante mintió a sabiendas en cuanto a los hechos esenciales, aún cuando la demandada sabía que mentía, y optó por no desmentirla, con más razón debía anularse la sentencia en los casos en que la parte demandada optara, sin éxito, por desmentir a la demandante. Y si tal fuera la regla, nunca se acabarían aquellos litigios en que hay conflicto de evidencia, pues la parte que originalmente perdiese el litigio podría pedir su nulidad y así obtener un nuevo juicio y una nueva determinación del conflicto, continuando el proceso *ad infinitum*.

"En el caso de autos la demandante tuvo una oportunidad amplia para alegar sus derechos, aducir su prueba, y convencer a esta Corte de que le asistía la razón. La utilizó en la forma que le pareció más conveniente. Tuvo su día en corte. No tiene derecho a otro."

La demandante ha apelado, alegando que la corte de distrito erró al decidir que la defensa de *res judicata* procedía en este caso. Sin embargo, no hallamos error en la decisión de la corte de distrito.

■■ Cuando, como en este caso, una excepción previa va dirigida a los méritos, distinguiéndola de una excepción previa que levante cuestiones de forma o procedimiento, una sentencia basada en ella es tan terminante en cuanto a los hechos confesados en la excepción previa como una basada en prueba ofrecida. Una sentencia así dictada constituye por tanto un impedimento a un pleito posterior basado en la misma causa de acción. *Aguilera* v. *Pérez,* 51 D.P.R. 1; *Northern Pacific Railway* v. *Slaght,* 205 U. S. 122, 130, 31; *Annotation,* 106 A.L.R. 437; Scott, *Collateral Estoppel by Judgment,* 56 Harv. L. Rev. 1, 5 (1942). *Cf., Cromwell* v. *County of Sac,* 94 U. S. 351.

En este caso se admite que el caso anterior y el presente envuelven la misma causa de acción (Scott, supra, a la pág. 22. Para una interesante situación que envuelve una causa de acción *diferente,* véase *Gelpí* v. *Tugwell,* 123 F. (2d) 377 (C.C.A. *1st.,* 1941), discutido en *Scott,* supra, a la pág. 16). Y se admite que la alegada falsedad y fraude eran conocidos de la demandante cuando ella optó por descansar en su excepción previa admitiendo los hechos y apeló. " . . . la tendencia uniforme de nuestras decisiones es requerir a un demandante que presente toda su causa de acción y su caso completo en una sola ocasión. El no puede dividir su reclamación . . . y, *a fortiori,* no puede dividir los fundamentos para recobrar." (*United States* v. *California & Ore. Land Co.,* 192 U. S. 355, 8). Del mismo modo, una persona no puede poner a prueba diferentes líneas de defensa contra una misma causa de acción por medio de pleitos distintos.

Al confrontarse con un caso, la política pública tras la doctrina de *res judicata* obliga a uno a acumular toda la ley y todos los hechos a mano y presentarlos a la corte en un solo pleito.

Como esta Corte expresó, por voz del Juez Asociado Sr. Travieso, en *Vázquez Prada* v. ·*Santos,* 54 D.P.R. 618, 24, ·''El demandante que inicia un pleito está obligado a utilizar dentro del juicio todos sus medios de defensa para evitar las perturbaciones que resultarían si se conceptuasen como acciones distintas e independientes cada una de las razones o causas que el actor conocía y hubiera podido aducir para solicitar la nulidad de una sentencia.'' Véanse *Gallardo* v. *Rodríguez,* 42 D.P.R. 927; *Restatement, Judgments,* Capítulo 3, *Introductory Note,* págs. 158, 9; Secs. 45, 46.

██Bajo qué circunstancias un fraude descubierto más tarde permitiría o no instituir una acción para anular una sentencia es cuestión que no está ante nos, y por tanto no la examinamos en esta opinión (*Cf. Restatement, Judgments,* Sec. 118, especialmente la discusión del llamado fraude ·extrínseco). No hay, pues, necesidad de discutir ahora. tales casos como *Aybar* v. *Vara,* 51 D.P.R. 186, y *Merino* v. *City of N. Y. Fire I. Co.,* 35 D.P.R. 451, comparados con *Cintrón* v. *Yabucoa Sugar Co.,* 54 D.P.R. 518, y *Carrión* v. *Lawton,* 44 D.P.R. 463.

*La sentencia de la corte de distrito será confirmada.*

Los Jueces Asociados Señores Travieso y De Jesús no intervinieron.