## MOIR v. UNITED STATES.

### No. 2657.

District Court, D. Massachusetts.

Oct. 25, 1944.

Robert G. Dodge and W. A. Barrows, both of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., for defendant.

HEALEY, District Judge.

This is an action brought by the executor of the will of John Moir to recover the sum of $14,712.60, alleged to have been an overpayment of estate tax by the executor.

The defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted and for want of jurisdiction, or, in the alternative, for summary judgment.

The complaint in substance alleges the following facts:

The decedent, a resident of Newton, Massachusetts, died on September 20, 1938. On December 20, 1939, the plaintiff filed a federal estate tax return and paid $895,417.-45 shown by the return to be due. On May 3, 1941, the plaintiff paid a further estate tax of $77,316.19 admittedly due. On September 23, 1941, the Commissioner of Internal Revenue gave notice of his determination that a further deficiency tax of $1,490,630.13 was due. On November 7, 1941, the plaintiff filed a petition with the then Board of Tax Appeals for a redetermination of the deficiency, based on three alleged errors:

(1) The addition to the gross estate of approximately $3,000,000 as transferred in contemplation of death,

(2) The increase of approximately $103,-000 in the value of the decedent's interest in a certain trust, and

(3) The failure to deduct $10,000 as estimated attorneys' fees for services rendered to the estate, particularly in connection with the matter of estate and inheritance taxes, of which $5,000 had already been paid.

On April 8, 1942, the case was tried before a member of the Board of Tax Appeals. The trial was devoted to the first two alleged errors. The third alleged error was not pressed, because the final amount of the fees would be uncertain until final disposition of the litigation. On September 24, 1942, the Board of Tax Appeals promulgated its findings of fact and opinion (Moir's Estate v. Commissioner of Internal Revenue, 47 B.T.A. 765), holding that the $3,000,000 transfers were not made in contemplation of death, sustaining the Commissioner's determination as to the $103,000 increase in the value of decedent's interest in the trust, and not mentioning the matter of attorneys' fees. The result was a deficiency tax of $53,140.07, subject to a further credit of $11,758.65 for state inherit-

530

ance taxes, making a net deficiency of $41,381.42, which the plaintiff paid on October 22, 1942. On November 4, 1942, the then Tax Court of the United States made its formal decision in accordance with the findings and opinion. Neither party appealed.

The following amounts were paid by the plaintiff to attorneys on the following dates in connection with the administration of the estate:

| Date | Amount |
|---|---|
| April 7, 1941. | $ 5,015.85 |
| March 16, 1942. | 5,013.35 |
| November 21, 1942. | 5,169.17 |
| February 19, 1943. | 25,000.00 |
| Total | $40,198.37 |

If allowed as a deduction from the taxable estate, the amount of $40,198.37 would have reduced the estate tax by $14,712.60. On April 15, 1943, the plaintiff filed a claim for refund in that amount, which the Commissioner of Internal Revenue rejected on the ground that "inasmuch as this case was before The Tax Court of the United States and a decision was entered on November 4, 1942, which ordered and decided that there was a deficiency of $53,140.07 no refund in respect of the tax may be made and no suit for recovery of any part of the tax may be instituted in any court under the provisions of Section 319(a) of the Revenue Act of 1926 as amended."

The present action was commenced on February 7, 1944.

The question presented is whether or not the plaintiff may successfully maintain this action in this Court in view of the prior proceedings instituted before the Board of Tax Appeals under the provisions of Section 308(a) of the Revenue Act of 1926, as amended, 26 U.S.C.A. Int.Rev.Acts, page 245.[1]

Since the decedent died in 1938, this matter is governed by the applicable provisions of the Revenue Act of 1926, as amended.

Section 319(a) of the Revenue Act of 1926, as amended, 26 U.S.C.A. Int.Rev. Acts, page 259,[2] provides that, if the executor resorts to the remedy provided by Section 308(a), "no refund in respect of the tax shall be allowed or made and no suit for recovery of any part of such tax shall be instituted in any court", with certain exceptions not here material.

Since there may be some question as to whether the defense provided by Section 319(a) is an affirmative defense anticipated by the plaintiff's complaint, and since there may be some question of whether or not such an anticipated defense may be considered on a motion to dismiss for failure to state a claim, I shall consider defendant's motion only insofar as it seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The defendant contends that Section 319(a) constitutes an absolute bar to the plaintiff's action.

The plaintiff, on the other hand, contends that Section 319(a) should not be construed as imposing an absolute bar, regardless of the principles of res judicata, but should be construed in accordance with the principles of res judicata or estoppel by judgment. Thus, the plaintiff argues that, since the attorneys' fees were uncertain in amount at the time, the question of whether they could be deducted could not have been raised before or decided by the Commissioner or the Board of Tax Appeals. The plaintiff contends, therefore, that he is not concluded by the provisions of Section 319(a).

However, the language of Section 319(a) is clear and unambiguous and can

---

[1] Revenue Act of 1926, Section 308(a), as amended, provides: "If the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the executor by registered mail. Within 90 days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day), the executor may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *"

[2] Section 319(a) of the Revenue Act of 1926, as amended, is as follows: "If the Commissioner has mailed to the executor a notice of deficiency under subdivision (a) of section 308 and if the executor after the enactment of this Act files a petition with the Board of Tax Appeals within the time prescribed in such subdivision, no refund in respect of the tax shall be allowed or made and no suit for the recovery of any part of such tax shall be instituted in any court, except * * *."

be given only one construction. If the executor elects the Board of Tax Appeals as a forum for the redetermination of an estate tax deficiency, he cannot then sue in any court for the recovery of any part of such tax. The words "any part of such tax" as used in Section 319(a) can have only one meaning. The allegations of the plaintiff's complaint bring the instant case squarely within the provisions of that section. Thus, it is immaterial whether or not the question of the attorneys' fees was pressed before or could have been decided by the Board of Tax Appeals.

Furthermore, if the plaintiff's construction of the statute were followed, it seems that it would be in effect holding that Section 319(a) was superfluous, because, even without Section 319(a), the general principles of res judicata would be applicable.

█ If the statute is unfair in its application, the remedy lies with Congress, not with the Courts.

The defendant's motion, insofar as it seeks summary judgment, should be granted.

An order shall be drawn accordingly.