LEE D. MILLER, demandante y apelante, *v.* COMPAÑÍA RON: CARIOCA DESTILERÍA, INC., demandada y apelada.

Núm. 10132.—*Sometido:* Mayo 3, 1950. *Resuelto:* Julio 6, 1950.

*Otero Suro & Otero Suro,* abogados del apelante; *José López Baralt,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El demandante tenía cierto equipo en la ciudad de San Juan para fabricar extractos y esencias, y en el mes de febrero de 1943 la demandada se incautó de dicho equipo y lo trasladó a su destilería en Palo Seco. Antes de que transcurriera un año a partir de la incautación, el demandante instó una acción contra la demandada en el Tribunal Municipal de San Juan y otra en el Tribunal del Distrito; la primera, para recobrar la posesión de un alambique en miniatura; la segunda, en reclamación de la entrega del resto del equipo. También radicó otro pleito contra la demandada, caso civil núm. R-1303 del Tribunal del Distrito de San Juan, en reclamación de $50,000 en que calculó los daños sufridos como consecuencia de la incautación ilegal. Apelado el pleito de la corte municipal a la del distrito, los dos casos sobre reclamación y entrega de bienes muebles fueron consolidados y por estipulación de las partes aprobada por la corte, se

convino en someter los tres casos antes mencionados a un árbitro, con la condición de que el laudo sería seguido por la corte al dictar sentencia, la cual inmediatamente se convertiría en firme. El árbitro, por los méritos de la evidencia, rindió un laudo favorable al demandante en los tres casos y declaró que los daños causados en el caso Civil R-1303 ascendían a $7,400, y el 26 de agosto de 1947, de conformidad con el laudo, la corte dictó sentencia la cual fué satisfecha en su totalidad.

A pesar de que las diferencias entre demandante y demandada aparentemente habían quedado zanjadas desde el 26 de agosto de 1947, el demandante con fecha 27 de abril de 1948 radicó el presente pleito Civil núm. 8599 del Tribunal del Distrito de San Juan, que tituló "Cobro de Cantidad" en el que reclama la cantidad de $11,500 que alega es el valor del uso del equipo por la demandada, a razón de $200 mensuales.

La demandada presentó una moción solicitando sentencia sumaria y la acompañó de ciertos documentos. La corte a quo la declaró con lugar y dictó sentencia el 22 de julio de 1949 desestimando la demanda, con imposición de costas al demandante.

■■ La moción sobre sentencia sumaria descansa en varios motivos, entre ellos en que a virtud de la sentencia recaída y satisfecha en el pleito R-1303 el demandante quedó pagado de la reclamación que ahora formula; que la sentencia dictada en el pleito R-1303 constituye *res judicata* con respecto a la presente acción; y que en la hipótesis de que la demanda en el caso R-1303 no hubiera incluído reclamación alguna por el uso del equipo, el demandante pudo y debió haber expuesto dicha reclamación en su demanda y no habiéndolo hecho, está impedido de hacerlo ahora, pues no puede el demandante fraccionar la causa de acción que originalmente tenía por los daños sufridos.

Comparemos la reclamación que se hace en la demanda en el pleito R-1303 con la del presente caso Civil núm. 8599.

En el párrafo cuarto de la demanda en el caso R-1303 se alegaba:

"4. Que por su actuación, la demandada ha causado al demandante daños y perjuicios, que incluyen ganancias dejadas de percibir, angustias y sufrimientos mentales y daños al crédito, que razonablemente calcula el demandante en la suma de $50,000, cuya suma no le ha satisfecho la demandada."

Y en el párrafo 2 de la demanda en el presente caso Civil núm. 8599 se alega:

"2. Que los referidos bienes los retuvo la demandada bajo su posesión, usándolos para su propio y exclusivo beneficio desde principios de febrero de 1943 hasta 22 de agosto de 1947, en cuya fecha previa sentencia de este mismo Hon. Tribunal, por la cual se declaró eran de la propiedad del demandante, los pagó la demandada a éste sin que en dicho pago incluyera, por no haber sido incluído en la sentencia antes dicha, ni en las que en otros casos entre las partes se dictaron para aquella fecha, el valor razonable del uso que de dichos muebles hizo la demandada durante el tiempo antes indicado."

Convenimos con el demandante en que la partida que ahora se reclama no fué incluída en el pleito R-1303. La demandada pudo incautarse del equipo y de ese modo causar daños al demandante que incluían, como se alegó en el caso R-1303, las ganancias dejadas de percibir; pero si además de incautarse del equipo, la demandada lo usó en su propio y exclusivo beneficio, como se alega en el presente pleito, ésta vendría obligada a compensar al demandante por el uso del mismo. Mas esta circunstancia no excluye el caso del ámbito de la doctrina de *res judicata* invocada por la demandada. Las dos reclamaciones, la contenida en el pleito R-1303 y la expuesta en el caso civil 8599 surgieron de la misma transacción y el demandante pudo incluir la nueva partida en su demanda en el caso R-1303. Está bien establecido como parte de la doctrina de *res judicata*, que un litigante no puede fraccionar su causa de acción. El propósito perseguido por esta doctrina es poner fin a los litigios y no se logra ese

objetivo si un litigante que puede incluir en su demanda una reclamación, deja de hacerlo y luego presenta un nuevo pleito basado en la partida que pudo incluir y no incluyó en el pleito anterior. De ahí que se aplique la doctrina de *res judicata*, no sólo a las partidas o reclamaciones litigadas, sino también a aquéllas que pudiendo haberlo sido en el pleito anterior, no fueron entonces alegadas. Como dijimos en *Avellanet* v. *Porto Rican Express Co.*, 64 D.P.R. 693, 700–1:

"Uno de los más importantes aspectos de la ley de *res judicata* es que un litigante no puede fraccionar su causa de acción. Si un querellante tiene una reclamación, en el pleito que radica, debe exponerla íntegramente y no parte de la misma. De no hacerlo así, no puede permitírsele luego que radique una nueva querella por el remanente de la misma reclamación o causa de acción. Recientemente reiteramos esta doctrina en *Pueblo* v. *Lugo Irizarry,* ante, pág. 554, donde dijimos que una causa de acción se funde en la sentencia dictada, y tal sentencia es concluyente—siempre y cuando que estén envueltas las mismas partes y la misma causa de acción—en cuanto a todos los puntos que pudieron haber sido, pero que no fueron, de hecho litigados y determinados."

En el presente caso, como hemos visto, se trataba de las mismas partes y la reclamación surgió de la misma transacción que dió margen al pleito R–1303.

*Procede la confirmación de la sentencia.*

El Juez Asociado Sr. Snyder no intervino.