Compañía Ferroviaria de Circunvalación de Puerto Rico, peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Sol L. Descartes, Tesorero de Puerto Rico, interventor.

Núm. 252.—*Sometido:* Noviembre 6, 1951. *Resuelto:* Noviembre 27, 1951.

*James R. Beverley* y *Carmen B. Hernández*; abogados de la peticionaria; *Hon. Procurador General Víctor Gutiérrez Franqui* (*Federico Tilén, Procurador General Interino,* en el alegato) y *J. B. Fernández Badillo, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Durante el año fiscal 1948–49 tres corporaciones estaban relacionadas con los asuntos del ferrocarril en Puerto Rico. La Compañía de los Ferrocarriles de Puerto Rico poseía los bienes tangibles; la American Railroad Company of Puerto Rico operaba los bienes bajo un contrato; y la Compañía Ferroviaria de Circunvalación de Puerto Rico, corporación doméstica, era una compañía retenedora que poseía todas las acciones de las primeras dos corporaciones pero ningunos otros bienes. Las tres corporaciones tenían directores comunes y funcionaban integralmente. La última corporación, aquí peticionaria, fijaba las normas a seguirse por toda la empresa.

El capital emitido de la peticionaria consistía de 47,559 acciones con un valor a la par de $100. Desde la fecha de su organización en 1920 hasta el 1948–49, la peticionaria pagó sin objeción todos los años la contribución sobre la propiedad impuesta por el Tesorero, basada en el valor de sus acciones fijado por ella misma en las planillas informativas que radicaba con el Tesorero. Durante todos esos años, la peticionaria fijaba el valor de sus acciones para fines contributivos en $15 cada acción. Esto resultaba en un valor de $713,390 que fué aceptado por el Tesorero.

En su planilla de 1948–49 la peticionaria valoró sus acciones el 15 de enero de 1948 a $5 cada acción, dándoles un valor de $237,795. El Tesorero revisó la planilla y fijó el valor en $713,390, que era el valor que la propia peticionaria calculaba antes del 1948–49. A base de esta valoración y en virtud del tipo de 2.87 por ciento, el Tesorero impuso a la peticionaria una contribución para 1948–49 ascendente a $20,474.30.

El 5 de octubre de 1948 la peticionaria pagó $6,824.72, basados en una valoración de $237,795. Al día siguiente radicó un pleito ante el Tribunal de Contribuciones alegando (a) que "no está conforme con la valoración de $713,390 dada por el Tesorero de Puerto Rico a las acciones emitidas por la demandante, toda vez que el valor real y efectivo de las acciones no [sic] asciende a $237,795, según se declarara en la planilla de la contribuyente", y (b) que "la contribución en controversia en relación con el capital (acciones) de la demandante asciende a la suma de $13,649.58."

La querella entonces impugna la imposición de la contribución aquí envuelta hecha por el Tesorero por los siguientes motivos: (1) las acciones de la peticionaria están exentas de contribuciones toda vez que las propiedades de su subsidiaria, Compañía de los Ferrocarriles de Puerto Rico, están exentas de contribución sobre la propiedad; (2) las acciones de la American Railroad Company, cuyas acciones posee la peticionaria en su totalidad, no tienen valor alguno en el mercado; (3) que en el caso de que se resolviese que la exención de la Compañía de los Ferrocarriles de Puerto Rico no es extensiva a las acciones emitidas por la peticionaria, la valoración dada por el Tesorero a la propiedad de la peticionaria no representa el valor real y efectivo de la misma, sino que es un valor ficticio, erróneo y contrario a la ley.

El Tesorero radicó su contestación y se celebró la vista del caso en los méritos. En su opinión el Tribunal de Contribuciones expresó sus dudas en cuanto a si tenía jurisdic-

ción para considerar la cuestión de exención, en vista del hecho de que la peticionaria había pagado parte de la contribución con la cual estaba de acuerdo basada en su propia valoración de $237,795. Sin embargo, el Tribunal de Contribuciones procedió a examinar la cuestión de exención y resolvió que la peticionaria no gozaba de exención alguna. No obstante, descansando en *Rossi* v. *Tribunal de Contribuciones*, 66 D.P.R. 425, convino con la peticionaria en que la valoración era ilegal en tanto en cuanto ésta excedía del valor declarado por la peticionaria en su planilla. La sentencia del Tribunal de Contribuciones disponía que la querella se desestimaba en cuanto a la cuestión de exención, pero se declaraba con lugar en cuanto a la cuestión del valor de los bienes de la peticionaria, el cual se fijaba en $237,795. El Tesorero no solicitó la revisión de esta sentencia por este Tribunal Supremo. La corporación radicó una petición de *certiorari* solicitando la revisión de la sentencia en tanto en cuanto ésta pretendía resolver que la corporación no estaba exenta del pago de contribuciones. Expedimos el auto y el caso se encuentra ahora ante nos en cuanto a la cuestión levantada en la petición.

En virtud del artículo 309 del Código Político, según éste prescribía entonces, un contribuyente venía obligado a pagar aquella parte de la contribución sobre la propiedad con la cual estuviere conforme, para poder litigar ante el Tribunal de Contribuciones en cuanto al remanente de la contribución.(¹) Bajo esta disposición un contribuyente podía no pagar nada y alegar su supuesta exención. *Cf. Cía. de Ferrocarriles* v. *Tribl. de Contribuciones*, 65 D.P.R. 552. Al mismo tiempo el contribuyente puede hacer una alegación alternativa en su querella al efecto de que en caso de que no existiese tal exención, entonces la contribución impuesta es excesiva. Esto daría la oportunidad al Tribunal de Contri-

---

(¹) Al mismo efecto, a los fines de este caso, artículo 2-A-3 (*a*) de la Ley núm. 235, Leyes de Puerto Rico, 1949 ((1) pág. 733).

buciones de considerar ambas cuestiones en el mismo pleito, dado el caso de que resolviera que el contribuyente no gozaba de exención alguna. El Tesorero en su alegato admite que el anterior es el procedimiento correcto.

Sin embargo, la peticionaria no hizo esto. Por el contrario, pagó los $6,824.72 calculados a base de su propia valoración de $237,795, y afirmativamente alegó que la suma en controversia en el recurso era $13,649.58. Este hubiera sido el método adecuado a seguir bajo el artículo 309 si la única cuestión que la peticionaria deseaba levantar hubiese sido si venía obligada o no a pagar los $13,649.58 adicionales. Por tanto, el Tribunal de Contribuciones carecía de jurisdicción para considerar cualquier otra cuestión. Y una vez que dicho Tribunal resolvió que la peticionaria no tenía que pagar esta suma adicional y el Tesorero no solicitó la revisión de ello, no había remedio alguno que este Tribunal Supremo pudiera darle a la peticionaria en este caso. Esto queda demostrado por el hecho de que la peticionaria no alega, y no lo podemos resolver nosotros, que podríamos en este recurso en este estado del procedimiento ordenar el reintegro de los $6,824.72 que la peticionaria voluntariamente pagó. *Cf.* artículo 1 de la Ley núm. 232, artículo 2-A-6 de la Ley núm. 235 y artículo 2 de la Ley núm. 328, Leyes de Puerto Rico, 1949 ((1) págs. 721 y 997).

Visto lo anterior, el Tribunal de Contribuciones no tenía jurisdicción para incluir en su opinión el *dictum* y en su sentencia el pronunciamiento en relación con la cuestión de la supuesta exención contributiva de la peticionaria. Estos estuvieron de más y no obligan a la peticionaria. Ellos no afectan su derecho, de existir alguno, a entablar una querella por el reintegro de los $6,824.72 bajo la teoría de la exención. *Cf. Tesorero v. Tribl. Contribuciones y Del Toro,* 72 D.P.R. 617.

Es obvia la conclusión de que el Tribunal de Contribuciones resolvió este caso enteramente a favor de la peticionaria

y que nada hay en su sentencia que a solicitud de la peticionaria pueda ser revisado en este procedimiento.

*Ya que no debió expedirse, el auto de certiorari será anulado.*