RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES, demandado; CARMEN DEL TORO RODRÍGUEZ ET ALS., interventoras.

Núm. 245.—*Sometido:* Noviembre 5, 1951. *Resuelto:* Diciembre 29, 1951.

*Damián Monserrat, Jr.,* y *Gabriel de la Haba,* abogados de las promoventes; *Hon. Procurador General Víctor Gutiérrez Franqui* y *J. C. Santiago Matos, Procurador General Auxiliar,* abogados del Tesorero insular, opositor.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Por nuestra decisión en *Buscaglia, Tes.* v. *Tribl. Contribuciones y Del Toro,* 72 D.P.R. 617, confirmamos una sentencia del Tribunal de Contribuciones que declaró con lugar la querella de las peticionarias y ordenó el reintegro de la cantidad de $30,027.68 que en concepto de intereses por causa de mora habían satisfecho, sin venir obligadas a ello, al pagar la contribución de herencia impuéstales con motivo del fallecimiento de Fernando Del Toro Saldaña. Ni en la sentencia del Tribunal de Contribuciones ni en la nuestra confirmando aquélla se hizo pronunciamiento alguno relativo al pago de intereses sobre la cantidad a ser reintegrada.

Ahora acuden las peticionarias nuevamente ante nos en solicitud de que se enmiende *nunc pro tunc* nuestra sentencia "en el sentido de que se incluya y forme parte de la misma la obligación del Tesorero a pagar intereses al 6 por ciento anual sobre la cantidad a reintegrarse a contar desde la fecha en que se hizo el pago, hasta que se lleve a efecto el reintegro ordenado."

Las peticionarias invocan el artículo 7 de la Ley núm. 303 de 12 de abril de 1946 ((1) pág. 783) arguyendo

que como cuestión de derecho en la decisión de este Tribunal debió incluirse un pronunciamiento ordenando que la cantidad a reintegrarse se devolviera con intereses al 6 por ciento anual. No tienen razón las peticionarias. El pago de intereses sobre los $30,027.68 no procede. Dicha cantidad fué pagada voluntariamente por ellas al Tesorero el 28 de febrero de 1946. La Ley de Herencia vigente en esa fecha era la núm. 99 de 1925 (pág. 791), según quedó enmendada en su artículo 7 por la Ley núm. 20 de 21 de noviembre de 1941. (¹) El artículo 7 de la Ley núm. 99 así enmendada disponía: "Cuando una persona afectada por la valuación o el cómputo antes referidos no estuviere conforme con cualesquiera de ellos, o cuando por cualquier motivo creyere que no debe pagar total o parcialmente la contribución de herencia que a base de tales valuación y cómputo le notificare el Tesorero, y deseare apelar para ante el Tribunal de Apelación de Contribuciones, dentro de los noventa días siguientes a la fecha en que el Tesorero le notificare la contribución deberá pagar la parte de ésta con la cual estuviere conforme, y dentro de los treinta días siguientes a dicho pago deberá radicar su apelación contra la parte con la cual no estuviere conforme, por medio de la querella dispuesta por la ley creando dicho Tribunal de Apelación de Contribuciones, *Disponiéndose*, que éste no adquirirá jurisdicción a menos que (1) el pago de la contribución no impugnada se hubiere realizado dentro del plazo de noventa días antes expresado y (2) el recibo de dicho pago o su copia certificada se hiciere formar parte de la querella. *Si la decisión del Tribunal de Apelación de Contribuciones* o, en apelación de éste, la decisión de la Corte Suprema *fuere adversa al querellante, dicha decisión ordenará el pago de la contribución impugnada,* o la parte de

(¹) El artículo 7 de la Ley núm. 303 de 12 de abril de 1946 invocado por las peticionarias, es idéntico, en cuanto al extremo relativo al pago de intereses sobre las contribuciones a devolverse cuando han sido cobradas ilegalmente bajo *una decisión* del Tribunal de Contribuciones, al artículo 7 de la núm. 99 según existía antes de la aprobación de dicha Ley 303.

ella que a juicio del Tribunal o la Corte debiera pagarse, *con intereses a razón del 6 por ciento anual computados desde la fecha en que expirara el término de noventa días con que contaba el contribuyente para pagar la contribución.* Si, en grado de apelación, la decisión de la Corte Suprema fuere favorable al querellante, *dicha decisión dispondrá que se devuelva a éste la parte de la contribución ilegalmente cobrádale bajo la decisión del Tribunal de Apelación de Contribuciones,* con intereses al 6 por ciento anual sobre la suma a ser devuelta, computados desde la fecha del pago de la parte de la contribución impugnada." (Bastardillas nuestras.) Por dicha disposición de ley se estableció el procedimiento en virtud del cual el contribuyente podía acudir ante el Tribunal de Contribuciones en apelación contra el cómputo hecho por el Tesorero, pagando aquella parte de la contribución con la cual estaba conforme y apelando de aquella parte con la cual no estaba conforme. Si el Tribunal de Contribuciones fallaba adversamente al querellante el Tesorero venía obligado al cobro de la contribución impugnada,(²) pudiendo el contribuyente acudir a este Tribunal por *certiorari.* Era sobre la contribución ilegalmente cobrada bajo el fallo del Tribunal de Contribuciones que el Tesorero venía obligado a pagar intereses al 6 por ciento anual si la decisión del Tribunal Supremo era *favorable* al contribuyente.

Si las peticionarias, al recurrir originalmente al Tribunal de Contribuciones a litigar la cantidad de $9,511.88, luego de pagar voluntaria—aunque indebidamente—la suma de $30,027.68 hubieran recibido un fallo adverso—en vez de favorable, como lo fué—del Tribunal de Contribuciones, hu-

---

(²) El Tesorero venía obligado a cobrar la contribución impugnada una vez que el Tribunal de Contribuciones fallaba adversamente al contribuyente—no obstante su recurso para ante este Tribunal—en virtud de la sección 5 de la Ley núm. 169 de 15 de mayo de 1943 (pág. 601) creadora del Tribunal de Contribuciones y vigente a la fecha en que se pagó por las peticionarias la contribución, la cual disponía que las decisiones del Tribunal de Contribuciones tendrían carácter de finales, sin que la apelación al Tribunal Supremo suspendiera la ejecución de la sentencia, debiendo ésta hacerse efectiva desde luego.

bieran tenido que pagar dicha suma al serle cobrada por el Tesorero no empece el hecho de su recurso para ante este Tribunal. En tal caso, de haberse revocado por este Tribunal el fallo del Tribunal de Contribuciones, nuestra sentencia hubiera tenido que disponer el pago de intereses al 6 por ciento anual sobre la suma de $9,511.88 desde la fecha de su pago hasta su devolución. Pero no fué así. Ellas fueron litigantes victoriosas en cuanto a la cantidad de $9,511.88 originalmente impugnada. Y los $30,027.68 sobre los que piden intereses fueron pagados por ellas voluntaria y directamente al Tesorero, y no bajo un fallo adverso del Tribunal de Contribuciones. Dicha cantidad nunca estuvo en litigio bajo las disposiciones de la Ley de Herencia, hasta que haciendo las peticionarias uso del remedio de reintegro bajo la ley al efecto, acudieron al Tribunal de Contribuciones en tal solicitud el 3 de septiembre de 1948.

No siendo de utilidad a las peticionarias las disposiciones del artículo 7 de la Ley 99 de 1925, ya que los hechos en este caso las hacen inaplicables, si acudimos bien a la Ley General de Reintegro vigente a la fecha en que se efectuó el pago o bien a la vigente a la fecha en que comenzó la acción, [3] las peticionarias no tienen derecho al cobro de intereses. Dichas leyes no disponen que se paguen intereses sobre las cantidades a ser reintegradas.

No estando por ley autorizado el pago de intereses sobre las cantidades a reintegrarse a las aquí peticionarias, no procede dicho pago y en consecuencia *se declara sin lugar su moción sobre enmienda* nunc pro tunc *a nuestra sentencia de 31 de mayo de 1951.*

---

[3] La Ley núm. 232 de 10 de mayo de 1949 (pág. 721) que provee para el pago de intereses sobre las cantidades a ser reintegradas no es de aplicación al presente caso ya que en su artículo 3 provee expresamente que "todo procedimiento, administrativo o judicial, para el reintegro de contribuciones pagadas o cobradas ilegal o indebidamente, o en exceso de la cantidad debida, que se hubiere iniciado antes de entrar en vigor esta Ley, se regirá por y continuará tramitándose bajo las disposiciones de la Ley vigente en la fecha de su iniciación."